THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HAROLD DUCHIN, Appellant.

Second Department, June 11, 1962.

*Gilbert Roseman* for appellant.

*Manuel W. Levine, District Attorney* (*Henry P. De Vine* of counsel), for respondent.

HOPKINS, J. The defendant was convicted, after a jury trial, of attempted rape in the first degree, assault in the second degree, carnal abuse of a child, and endangering the life, health and morals of a child. On the assault conviction, he was sentenced to serve an indeterminate term, the minimum of such term being one day and the maximum being life (Penal Law,

§ 1944-a). As to the conviction for the other crimes, sentence was suspended.

The defendant urges on this appeal that he was deprived of a trial by the court alone pursuant to the provisions of the State Constitution. " A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense " (N. Y. Const., art. I, § 2).

At the time the indictment was moved for trial the defendant tendered in open court a written waiver of a trial by jury. The court permitted the defendant to sign his name before it, and reserved decision on the application. The defendant asserted as a basis for his application that he could not receive a fair and impartial trial before a jury by reason of newspaper reports concerning his arrest, incarceration, and impending trial, describing him as a " sex monster ", and " a molester of dozens of children." On the following day the court denied the application, without assigning any ground for the denial.

Thereafter the defendant moved in this court for an order of prohibition restraining a jury trial (Civ. Prac. Act, § 1287). That application was denied, upon the ground that the defendant's rights could be adequately protected by an appeal in the event of a conviction (*Matter of Duchin* v. *Peterson,* 12 A D 2d 622, motion for leave to appeal denied 9 N Y 2d 609). We meet the merits of the defendant's contention, accordingly, on this appeal.

The constitutional provision is self-executing (*People* v. *Carroll,* 3 N Y 2d 686, 688). A defendant in a noncapital criminal case does not have an absolute and limitless right to waive a trial by jury. (*People* v. *Diaz,* 10 A D 2d 80, 89, affd. 8 N Y 2d 1061.) " We hold that, by the terms of section 2 of article I of the New York State Constitution, the trial court, in the exercise of its judicial discretion, is empowered to grant or deny an application for a jury waiver in any criminal case charging a felony other than a capital one." (*People* v. *Diaz, supra,* p. 89.)

Though the defendant does not have an absolute right to trial by the court alone, neither does the court have the absolute right to deny him a nonjury trial. Although the court is invested with discretion, it is a judicial discretion. It is a discretion to be exercised, in the words of Chief Justice MARSHALL, " not to give effect to the will of the judge, but to that of the law " (quoted in *Tripp* v. *Cook,* 26 Wend. 143, 152). It is a discretion

which " is not the judge's sense of moral right; neither is it his sense of what is just. He is not clothed with a dispensing power or privileged to exercise his individual notions of abstract justice. * * * He is not at liberty, in determining personal or property rights, to act at his own discretion unrestrained by the legal and equitable rules governing those rights " (*Matter of Bond,* 251 App. Div. 651, 654).

In *People* v. *Diaz* (*supra*), the defendant had been indicted with three others on charges of manslaughter in the first and second degree, and of conspiracy. He alone applied for a non-jury trial; his codefendants did not join in the application. The denial of the application by the trial court was affirmed on appeal as a proper exercise of judicial discretion, for the waiver was considered as a disingenuous attempt to obtain a severance. The Appellate Division, First Department, noted that the defendant made no claim that he would be prejudiced by a joint trial, or that he could not receive a fair and impartial trial by a jury (*People* v. *Diaz,* 10 A D 2d 80, 91, *supra*). In the course of its opinion the court said that a single defendant " is entitled, at his option, to a trial at the bar of a court alone, unless the circumstances clearly indicate that it would not serve the ends of justice," and that " [A] judge may not deny the application, for example, because it places a greater responsibility upon him, or to avoid the performance of a disagreeable duty " (*People* v. *Diaz, supra,* p. 90). It further stated (p. 92): " The privilege accorded is intended as a shield for those eligible to use it, not as a sword to defeat the ends of justice. So, for example, it is quite appropriate to grant a waiver against the possible infection of a jury by public outrage and clamor in the midst of a wave of crime or other inflammatory stimuli, and thus afford a defendant a fair and impartial trial free from prejudice ".

We hold in the light of the principles of judicial discretion, the purpose and effect of the constitutional provision, and the ends of justice, that the refusal of the trial court to try the defendant without a jury constituted an abuse of discretion in this record, requiring a new trial. The constitutional provision conferred on the defendant the right to be tried by a jury, or without a jury, at his option, unless for some compelling ground arising out of the attainment of the ends of justice his option might not be honored. A contrary determination would sap the force of the Constitution and render it meaningless save at the uncontrolled will of the court.

We are left to speculation as to the reason for the denial, and speculation provides no substitute for a reason compelling

rejection. The District Attorney suggests that the trial court may have concluded that a jury trial was wiser in a case involving sexual crimes committed by an adult with an infant. We cannot on this record say that this was the conclusion of the court; but, in any event, the wisdom of the choice under the Constitution must be decided by the defendant, unless his choice plainly prejudices the rights of the prosecution or interferes with the interests of justice.

Moreover, the defendant presented his application on the claim of prejudice to him by reason of the sensational publicity which the case had received. No doubt the effect of newspaper notoriety may be a substantial and legitimate factor in the mind of a defendant in seeking a nonjury trial. At the very least, the ground asserted dissipates any implication that the defendant moved without deliberation, or for an ulterior motive having as its design an unfair advantage over the prosecution or the impairment of the ends of justice. Under these circumstances, the denial of the trial without a jury exceeded the bounds of judicial discretion.

If we did not reverse and grant a new trial we would, in any event, vacate the sentence imposed and remand the defendant for resentence because the procedure mandated by section 2189-a of the Penal Law was not observed. There is no showing that the court had before it when sentence was imposed a psychiatric report which is both current and pertinent to the purposes of section 2189-a (*People ex rel. Lawson* v. *Denno,* 9 N Y 2d 181; *People* v. *Alvich,* 7 N Y 2d 125).

Governor Thomas E. Dewey, in his message to the Legislature accompanying the Report on Study of 102 Sex Offenders at Sing Sing Prison, succinctly underscored the public policy subsequently embodied in section 2189-a of the Penal Law (L. 1950, ch. 525) as follows: " This report emphasizes the need for more understanding and better efforts at rehabilitation of offenders. But it also faces the grim findings of the research workers that many of these men will probably continue to be dangerous when their maximum sentences expire and that many of them suffer from maladjustments that cannot be cured or treated by any method now known. * * * It would require that all persons found guilty of such offenses be psychiatrically examined before sentencing and provide that, with such psychiatric information before it, the Court may impose a sentence of from one day to life. * * * In this way none will be deprived of liberty without benefit to themselves and society." (Public Papers of Governor Thomas E. Dewey, 1950, p. 161; Report, pp. 6–7.)

Consequently, we hold that the mandatory requirement of a presentencing psychiatric report may not be waived since a waiver would vitiate the purposes which the statute seeks to achieve and the protection that it affords.

The judgment of conviction, therefore, should be reversed on the law, and a new trial ordered.

We have considered the facts; we affirm the findings of fact implicit in the jury's verdict.

BELDOCK, P. J. (dissenting). I agree with the majority that in a noncapital criminal case, a defendant does not have an absolute right to waive a trial by jury. However, I disagree that in this case the denial of defendant's tender of a nonjury trial was an improvident exercise of discretion by the trial court. In my opinion, the denial was a fair and proper exercise of discretion because (1) a 12-year-old child was involved; (2) no evidence was presented to the trial court that defendant could not receive a fair and impartial trial by a jury, nor is any claim now made that he failed to receive such a trial by jury; (3) the record is devoid of proof that the trial was held in hostile surroundings; (4) almost two years elapsed between the date of the offense and the date of trial; and (5) finally, no claim is made that defendant was not guilty or that he has any defense on the merits.

In my opinion, the requirements of section 2189-a of the Penal Law with respect to sentence were waived when defense counsel specifically requested that the indeterminate sentence be imposed, as indeed it was.

UGHETTA, CHRIST and HILL, JJ., concur with HOPKINS, J.; BELDOCK, P. J., dissents and votes to affirm, in opinion.

Judgment reversed on the law, and a new trial ordered. We have considered the facts; we affirm the findings of fact implicit in the jury's verdict.