UNITED STATES of America ex rel. Harold H. DUCHIN, Relator,

v.

The Honorable Harold W. FOLLETTE, as Warden of Green Haven State Prison, Stormville, New York, Respondent.

No. 65 Civ. 3946.

United States District Court
S. D. New York.
March 18, 1966.

Harold H. Duchin, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, New York City, for respondent; Amy Juviler, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner seeks a writ of habeas corpus to secure his release from Green Haven State Prison, where he is presently incarcerated pursuant to a state court judgment of conviction. While petitioner generalizes his claim for federal intervention upon alleged violations of various federally protected constitutional rights, the essential thrust of his petition is a denial of due process in that his plea of guilty upon which the judgment of conviction was entered was coerced and involuntary. State remedies have been properly exhausted.[1]

On January 31, 1961 petitioner was convicted of attempted rape in the first degree, assault in the second degree, carnal abuse of a child, and endangering the life, health and morals of a child. He had two prior felony convictions, and on April 21, 1961 was sentenced to an indeterminate term of from one day to life. The conviction was reversed on appeal, however, because petitioner's application for a nonjury trial had been denied.[2]

Upon retrial petitioner, then represented by the same counsel who had successfully argued his appeal, withdrew his prior plea of not guilty and pled guilty to attempted rape, second degree, in full satisfaction of the indictment. He was sentenced to a term of from nine to ten years as a third felony offender. He now contends his plea of guilty was induced by threats by the District Attorney that if he proceeded to trial he would be found guilty as charged and again sentenced to a term of from one day to life, and in view of his prior record "would certainly, under the imposition of such a sentence, be confined for a long long time"; further, that the plea was induced by his attorney's representations that the sentence would be from two and a half years to ten years, allegedly based upon a "deal" entered into by his attorney and the prosecution.

Petitioner, in support of the instant application, has incorporated by reference his affidavit in support of a motion for reargument of the denial of his state court coram nobis application and the affidavit of the former attorney who represented him upon his appeal and re-

1. Petitioner applied to the state court upon the grounds here presented for a writ of error coram nobis, which was denied on September 18, 1964, following which an application for reargument was denied on October 9, 1964. The Appellate Division affirmed, People v. Duchin, 24 A.D.2d 558, 261 N.Y.S.2d 997 (2d Dep't 1965), and leave to appeal to the Court of Appeals was denied on November 16, 1965.

2. People v. Duchin, 16 A.D.2d 483, 229 N.Y.S.2d 46 (2d Dep't 1962), aff'd, 12 N.Y.2d 351, 239 N.Y.S.2d 670, 190 N.E. 2d 17 (1963).

trial.[3] The basic facts surrounding the entry of the plea are not in dispute, although petitioner draws inferences therefrom which are challenged by the state as unwarranted.

When petitioner faced retrial, he and his counsel were apprehensive that in the event of a conviction the prospect of a sentence of from one day to life with likely confinement thereunder for the major portion of his life was real, both by reason of the nature of the charges and his prior criminal record. Thereupon his counsel, with his consent, conferred with the Assistant District Attorney in charge of the prosecution in an effort to obtain, in his own lawyer's words, "accept[ance] of a plea to a nonsexual crime in order to avoid a one day to life sentence." The assistant prosecutor agreed to and did recommend to his superiors and to the court acceptance of the plea offered, attempted rape in the second degree, in satisfaction of the indictment. This is the plea which petitioner now attacks. At the time of its entry, he acknowledged in response to the court's questioning that no promise of leniency had been made by the District Attorney to induce the plea, and that this was also true as far as his attorneys, or anyone else, were concerned.

First, as to the charge of threats or promises by the District Attorney. The petition herein is entirely barren of a single evidentiary fact to support it. There is no allegation, or even the slightest suggestion, that the petitioner himself at any time had any conversation or discussion with the District Attorney or his assistant, or that they made any statements, promises or representations to him. But even if the District Attorney had stated to petitioner that if he proceeded to trial he would be found guilty as charged and again sentenced to from one day to life imprisonment, with the prospect of long confinement, in view of his record, this was no more than a fair statement and a realistic appraisal of the situation that Duchin faced—indeed, one recognized by him and his lawyer, and which in fact led to petitioner's offer of a plea to one count to cover all charges in the indictment "to avoid a one day to life sentence." [4] In fact, the plea as entered accomplished that purpose, since the permissible sentence thereunder was limited to two and a half to ten years.

This range of sentence brings us to the petitioner's basic charge that the plea was induced by a representation that the sentence would be two and a half to ten years; instead, he was sentenced to a minimum of nine years. This alleged representation resulted from what petitioner terms a "deal" and "off the record" arrangement between his lawyer and the Assistant District Attorney—a charge at once negated by the attorney's affidavit submitted by the petitioner in support of his application here. The attorney's version is:

"I explained to Mr. Duchin that the sentencing would be solely at the judge's discretion within the limits prescribed by law. Both Mr. Conlon, an experienced criminal trial attorney from my office, and myself, showed Mr. Duchin in the Penal Law that the maximum he could receive would be 10 years and the minimum, 2½ years. * * * I will admit that I do not recall ever informing Mr. Duchin that there was a possibility that he could be sentenced as he was, although I thought it was obvious when we stated that the minimum would be 2½ years and the maximum, 10 years, that the judge could sentence anywhere in between. I believe, however, that Mr. Duchin honestly believed he would be eligible for parole after serving 2½ years. * * *

**3.** With respect to the attorney's affidavit, the petitioner herein states that he procured and submitted it, whereas the brief of the prosecution in the Appellate Division states that the attorney's affidavit was submitted by it, together with other opposing affidavits, to establish "the falsehood of Duchin's charge."

**4.** Cf. United States ex rel. McGrath v. LaVallee, 348 F.2d 373, 377 (2d Cir. 1965); United States v. Tateo, 214 F. Supp. 560, 566–567 (S.D.N.Y.1963).

"[T]he only promise that Assistant District Attorney Nixon made was he would try to get his office to go along with the accepting of a plea to a non-sexual crime in order to avoid a one day to life sentence. This promise was kept by the acceptance of a plea of assault in the second degree. There may have been confusion on Mr. Duchin's part through my not explicitly pointing out to him that he could receive a 9½ to 10 year sentence as well as a 2½ to 10 year sentence."

First, the above, beyond question, compels rejection of petitioner's unsupported assertions that the District Attorney made any promises either to petitioner or his attorney as to the sentence to be imposed, or made any threats such as petitioner broadly charges; as petitioner's attorney acknowledges, the only promise made by the prosecution—acceptance and recommendation of a plea to avoid a one day to life sentence—was faithfully kept.[5]

▉ Second, the attorney's affidavit also indicates that from his advice to the client that the range of sentence under the proffered plea was a minimum of 2½ years to 10 years, "it was obvious * * * that the judge could sentence anywhere in between." The most petitioner can urge is that he misunderstood his lawyer and was disappointed in the

sentence. Neither furnishes any basis for relief upon federal constitutional grounds.[6] The petition for a writ of habeas corpus is denied.

▉ The court has also considered, and denies, petitioner's request for appointment of counsel to represent him in this collateral attack upon the state court judgment of conviction.[7] There are no unusual circumstances which require the appointment of counsel.[8]

---

5. Cf. United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 712 (2d Cir. 1960).

6. Cf. Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436, 440 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1964); Swanson v. United States, 304 F.2d 865 (8th Cir.), cert. denied, 371 U.S. 894, 83 S.Ct. 194, 9 L.Ed.2d 127 (1962); United States v. Taylor, 303 F.2d 165, 168 (4th Cir. 1962); Alexander v. United States, 290 F.2d 252, 254 (5th Cir.), cert. denied, 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed.2d 89 (1961); United States v. Napolitano, 212 F.Supp. 743, 747 (S.D.N.Y.1963); United States v. Warren, 181 F.Supp. 138, 142 (E.D. N.Y.1959); United States v. Shillitani, 16 F.R.D. 336, 339 (S.D.N.Y.1954).

7. "[T]here is no constitutional right to representation by counsel in habeas cor-

pus proceedings in the federal courts." United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960). Accord, Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958). Cf. United States ex rel. Combs v. Denno, 231 F.Supp. 942, 945 (S.D.N.Y.1964); United States ex rel. Boone v. Fay, 231 F.Supp. 387, 391–392 (S.D.N.Y.1964), cert. denied, 380 U.S. 936, 85 S.Ct. 945, 13 L.Ed.2d 823 (1965).

8. See Muhlenbroich v. Heinze, 281 F.2d 881, 884 (9th Cir. 1960); United States ex rel. Rodriguez v. Jackson, 246 F.2d 730 (2d Cir. 1957), cert. denied, 355 U.S. 916, 78 S.Ct. 346, 2 L.Ed.2d 276 (1958); United States ex rel. Lowery v. Murphy, 245 F.2d 751, 752 (2d Cir. 1957); United States ex rel. Tierney v. Richmond, 245 F.2d 222 (2d Cir. 1957).