■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS SHUFFORD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Leone, J.), rendered March 20, 1981, convicting him of sodomy in the first degree, sexual abuse in the first degree (two counts), attempted rape in the first degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence. Judgment affirmed. At the conclusion of defendant's non-jury trial, the court rendered a verdict without making findings of fact. Defendant contends that the court's failure to make such findings constitutes reversible error. We disagree. The trial of an indictment without a jury is subject to the provisions of CPL article 320. CPL 320.20 (subd 2) provides: "The court, in addition to determining all questions of law, is the exclusive trier of all issues of fact and must render a verdict." The term "verdict" is defined in CPL 1.20 (subd 12) as follows: " 'Verdict' means the announcement by a jury in the case of a jury trial, or by the court in the case of a non-jury trial, of its decision upon the defendant's guilt or innocence of the charges submitted to or considered by it." Nothing in the foregoing statutory language supports defendant's contention. It is clear that a court or jury properly discharges its statutory obligation in a criminal case when it pronounces the defendant either "guilty", "not guilty", or, "where appropriate, 'not responsible by reason of mental disease or defect' " with respect to each charge considered (CPL 300.10, subd 4). There is simply no requirement that a court rendering a verdict in a nonjury trial make findings of fact in support of its decision. To be distinguished are the rules applicable to civil trials, under which a court sitting without a jury is required to make such findings (CPLR 4213, subds [a], [b]). We have considered the defendants' remaining contentions and find them to be without merit. Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.