■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PASKO, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered October 4, 1984, convicting defendant following a nonjury trial of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree.

Defendant asserts on appeal that the evidence at the trial was insufficient to support the verdict because the victim's testimony was not credible and the medical evidence was equivocal. The victim testified that on the evening of March 21, 1984, she was stranded in a bar in the City of Schenectady when she saw defendant and other acquaintances and asked them for a ride home. She maintained that they initially rebuffed her, but that later Scott Dominy forcibly compelled her to leave and drive to another bar with them. That establishment was about to close for the evening and they were asked to leave. The victim further described that while there she was restrained by Dominy, who told bystanders she was his girlfriend and loved it when he was rough. Afterwards, she was taken to an apartment on McClellan Street in Schenectady where she was forcibly raped and sodomized by defendant and two other males, and restrained and hit with a belt. This ordeal lasted for four hours, at which point two of the men left and the third fell asleep. The victim called two

friends for help and left the apartment. Shortly thereafter, she called her mother, the police and a rape crisis center. The foregoing testimony, if believed, was legally sufficient for a conviction without further corroboration *(see,* Penal Law § 130.16; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 130.16, p 458; *see also, People v Mattison,* 97 AD2d 621, 622).

We note that where a defendant has waived a jury trial, the court sitting without the jury in a criminal case is the exclusive trier of fact (CPL 320.20 [2]). The CPL places no greater requirements on a verdict rendered by a court deciding the case without a jury than it does on a verdict rendered in a jury trial *(People v Shufford,* 97 AD2d 777, 778). Thus, we may not reject the victim's testimony unless it was impossible of belief *(People v Shedrick,* 104 AD2d 263, 274). At most, defendant's contradictory proof consisted of the testimony of witnesses who were in a position to have heard or seen the incident and who did not corroborate the victim's testimony. This clearly does not demonstrate that her story was " 'physically impossible, contrary to experience, or self-contradictory' " (p 274, quoting *People v Stroman,* 83 AD2d 370, 373). At the first opportunity, the victim sought help and complained to the police. Friends she called described her as being hysterical. She bore bruises on her wrists which supported her testimony that her wrists had been tied together. There was medical testimony that her internal injuries were consistent with forcible rape. In light of the foregoing, the victim's testimony was not incredible as a matter of law. Nor can we say it was against the weight of the evidence *(see, People v Kennedy,* 47 NY2d 196, 203-205).

The only other point raised by defendant meriting discussion is the closing of the courtroom during the victim's testimony. Judiciary Law § 4 allows a court, in its discretion, to close the courtroom in a rape or sodomy case. This discretion must be exercised "sparingly" *(People v Jones,* 47 NY2d 409, 413, *cert denied* 444 US 946). Here, where the charges involved sordid, demeaning acts and required embarrassing testimony, and where the Trial Judge closed the courtroom only for the purpose of taking the victim's testimony, there was no abuse of discretion *(see, People v Glover,* 60 NY2d 783, 785; *People v Joseph,* 59 NY2d 496, 498-499).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.