■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

SCOTT DOMINY, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered October 4, 1984, convicting defendant following a nonjury trial of the crimes of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree.

The issues raised in the instant case are identical to those raised by the codefendant in this case, Thomas Pasko, in his appeal to this court *(People v Pasko,* 115 AD2d 114). Defendant contends that the People failed to prove that he used force in committing the crimes alleged because the only witness the People produced who could testify to force being used was the victim. Defendant argues that the victim's testimony was so inconsistent as to be incredible. We find that defendant failed to show that the victim's testimony should be discounted on the basis of it being incredible as a matter of law. Her testimony alone was sufficient to find defendant guilty of the offenses charged *(see, People v Hooper,* 112 AD2d 317). Corroboration of the rape victim's testimony is no longer required *(see,* Penal Law § 130.16; *People v Mattison,* 97 AD2d 621, 622). Since the evidence is to be weighed in a light most favorable to the People *(see, People v Monaco,* 14 NY2d 43, 45), we conclude that the evidence is sufficient to support defendant's conviction of the offenses charged.

Defendant also alleges error in the exclusion of the public from the courtroom during the victim's testimony as a violation of his right to a public trial. Where the court is aware of the sensitive nature of a complainant's testimony, as here, we find no abuse of discretion in excluding the public from the trial where the defendant makes only a general objection and fails to request a hearing on the matter *(People v Salcedo,* 98 AD2d 961, *lv denied* 62 NY2d 623, *cert denied* 467 US 1229). We adopt the same reasoning on this issue as was laid out in *People v Pasko (supra).*

Defendant also urges that the trial court erred when it permitted defendant to waive his right to a jury trial without inquiring into his awareness of the consequences of his waiver. We find that no inquiry was necessary here *(see, e.g., People v Duchin,* 16 AD2d 483, *affd* 12 NY2d 351). There was no indication of any facts that would lead the court to conclude that defendant was not aware of the consequences of waiving a jury trial.

Defendant also claims that he was denied effective assistance of counsel. The effectiveness of counsel is based on the

totality of the circumstances and will be upheld if counsel's representation was meaningful *(People v Baldi,* 54 NY2d 137, 147). The record reveals that trial counsel conducted a spirited defense. She elicited testimony from witnesses that, if believed, would have supported defendant's contention that the sexual acts were consensual in nature. We find that the services of defendant's attorney were effective and meaningful. The other contentions raised by defendant are without merit.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.