■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH BURNETT, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him, after a bench trial, of first degree assault and third degree criminal possession of a weapon, defendant's sole contention is that the court erred in accepting his written jury waiver without inquiring whether defendant voluntarily, knowingly, and intelligently was waiving his right to a jury trial. We hold that, in the circumstances of this case, a written waiver is sufficient and is not invalidated by the court's failure to inquire (see, People v Dominy, 116 AD2d 851, lv denied 67 NY2d 942; cf., People v Basora, 111 AD2d 248). Defendant was represented by experienced counsel who specifically acknowledged, in defendant's presence, that defendant was waiving his right to a jury trial. Defendant then signed a written waiver in open court. The waiver recites that defendant was waiving his right to a jury after consultation with his attorney and "with full understanding of [his] rights and privileges." Defendant, who is a 41-year-old businessman, can be presumed to have understood the plain import of his jury waiver. Nothing in the record would have alerted the court to the possibility that defendant was "not fully aware of the consequences of" his jury waiver (CPL 320.10 [2]; see, People v Dominy, supra). Finally, defendant failed to rescind his jury waiver or protest his being tried by the court at any point in the proceeding. (Appeal from judgment of Supreme Court, Erie County, Kubiniec, J.—assault, first degree, and another offense.) Present—Dillon, P. J., Denman, Boomer, Pine and Lawton, JJ.

■ LEROY BROWN et al., Respondents, v COUNTY OF MONROE, Appellant.—Order unanimously affirmed without costs. Memorandum: In affirming, we note that we are not called upon to decide whether the complaint states a cause of action. (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—dismiss complaint.) Present—Dillon, P. J., Denman, Boomer, Pine and Lawton, JJ.