■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEPIDO MEDINA, Appellant. [608 NYS2d 648] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered June 4, 1991, convicting defendant, after a non-jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, 4½ to 9 years, and 3 to 6 years, respectively, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to dismiss those counts of the indictment charging defendant with criminal possession of a controlled substance in the third and fourth degrees, and, except as so modified, affirmed.

Since there was no indication that defendant, who was aided by counsel and a court interpreter, lacked understanding of the consequences of his duly executed waiver of jury trial (CPL 320.10 [2]), no colloquy between the court and defendant was required *(People v Dominy,* 116 AD2d 851, 852, *lv denied* 67 NY2d 942), although we deem same to be more appropriate.

As the People concede, although the possession counts are not lesser included offenses of the sale count, they should be dismissed in the interest of justice since possession of the same cocaine formed the basis of the sale count *(People v Velasquez,* 153 AD2d 810, 811, *lv denied* 75 NY2d 819). Concur —Rosenberger, J. P., Ross, Asch, Rubin and Tom, JJ.