■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID TERRELL, Appellant. [715 NYS2d 358] —Judgment unanimously affirmed. Memorandum: Supreme Court did not err in approving defendant's waiver of the right to a jury trial. The written waiver was signed by defendant before the Trial Judge in open court and recites that it was executed after consulta-

tion with defense counsel and with a full understanding by defendant of his rights and a full appreciation that defendant was waiving them (*see; CPL 320.10 [2]; People v Medina*, 202 AD2d 256, 257, *lv denied* 83 NY2d 913). "[I]n the circumstances of this case, a written waiver is sufficient and is not invalidated by the court's failure to inquire" (*People v Burnett*, 136 AD2d 888, *lv denied* 70 NY2d 1004; *see also, People v Medina, supra,* at 257), or to give defendant any particular warning or advice (*see, People v Simmons*, 182 AD2d 1018, 1019), absent some indication of a need to advise defendant or to make further inquiry of him (*see, People v Stroud*, 143 AD2d 532, *lv denied* 73 NY2d 790).

The verdict finding defendant guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The court, sitting as the trier of fact, did not fail to give the evidence the weight it should be accorded (*see, People v Bleakley, supra,* at 495). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.