■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE D. LAMPHIER, Appellant. [754 NYS2d 482] —Appeal from a judgment of Steuben County Court (Furfure, J.), entered June 19, 2000, convicting defendant after a nonjury trial of course of sexual conduct against a child in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by amending the certificate of conviction to provide that defen-

dant was convicted of one count of course of sexual conduct against a child in the first degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment ostensibly convicting him, following a bench trial, of two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [former (1) (a)]) and sentencing him to an indeterminate term of incarceration of 7 to 14 years. In fact, as defendant notes and the People concede, the conviction was of a single count of course of sexual conduct against a child in the first degree, and the certificate of conviction must be amended to reflect that fact (*see People v LeFrois,* 138 AD2d 943, *lv denied* 72 NY2d 920, *order vacated on other grounds* 151 AD2d 1046, *on reh* 155 AD2d 949, *lv dismissed* 76 NY2d 791; *cf. People v Benson,* 265 AD2d 814, 816, *lv denied* 94 NY2d 860, *cert denied* 529 US 1076). We modify the judgment accordingly.

Defendant's remaining contentions are lacking in merit. Defendant's written waiver of the right to a jury trial was knowingly, voluntarily and intelligently executed in open court, and thus County Court properly accepted the waiver (*see* NY Const, art I, § 2; CPL 320.10 [2]; *People v Terrell,* 277 AD2d 931, *lv denied* 96 NY2d 788; *People v Medina,* 202 AD2d 256, 257, *lv denied* 83 NY2d 913). Contrary to defendant's further contention, the court did not permit the People to elicit the opinion of the victim's examining pediatrician concerning the victim's credibility. Defense counsel previously had elicited such opinion testimony on cross-examination and, on redirect examination, the prosecutor merely questioned the pediatrician concerning the basis for her previously expressed opinion, specifically asking whether she was accustomed to relying on medical histories furnished by her patients. Even assuming, arguendo, that there was any error, we conclude that "it is presumed that the Judge sitting as the trier of fact made [her] decision based upon appropriate legal criteria" (*People v Lucas,* 291 AD2d 890, 891 [internal quotation marks omitted]).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's contention, there is no requirement of corroboration of the victim's sworn testimony in the prosecution of a sex act to which the victim is deemed incapable of consenting based on his or her age (*see* Penal Law § 130.16; *People v McLoud,* 291 AD2d 867, 867-868, *lv denied* 98 NY2d 678; *People v Sherman,* 250 AD2d 873). There is no merit to defendant's contention that the indictment is insufficiently specific with respect to the time

frame of the alleged course of conduct (*see McLoud,* 291 AD2d at 868; *People v Colf,* 286 AD2d 888, 888-889, *lv denied* 97 NY2d 655; *see generally People v Shack,* 86 NY2d 529, 540-541). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.