People v Driver (2021 NY Slip Op 51242(U))

[*1]

People v Driver (Randall)

2021 NY Slip Op 51242(U) [73 Misc 3d 144(A)]

Decided on December 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2021-15 OR CR

The People of the State of New York,
Respondent,
against
Randall Driver, Appellant. 

Richard L. Herzfeld, for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeals from a judgment of the City Court of Newburgh, Orange County (E. Loren
Williams, J.), rendered September 23, 2020, and an amended judgment rendered December 9,
2020. The amended judgment convicted defendant, after a nonjury trial, of assault in the third
degree, criminal obstruction of breathing or blood circulation, harassment in the second degree,
and two counts of sexual misconduct, and imposed sentence.

ORDERED that the appeal from the judgment rendered September 23, 2020 is dismissed as
superseded by the amended judgment rendered December 9, 2020, and it is further,
ORDERED that the amended judgment of conviction is affirmed.
Defendant was charged in a prosecutor's information with assault in the third degree (Penal
Law § 120.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law §
121.11 [a]), harassment in the second degree (Penal Law § 240.26 [1]), and two counts of
sexual misconduct (Penal Law § 130.20 [1], [2]). At a proceeding on March 21, 2017,
defendant waived his right to a jury trial and executed a waiver of jury trial form, which the court
approved after defendant, in open court, was advised by the court of his right to a jury trial, and
after defendant had consulted with counsel. At a proceeding before trial on April 24, 2017,
defendant sought to have the court revoke his waiver of a jury trial because he was upset that his
counsel had indicated that the case would be dismissed, but it was not dismissed. The court
determined that defendant had waived his right to a jury trial and denied his application. After a
nonjury trial, defendant was found guilty of all the counts charged in the prosecutor's
information.
Defendant's contention, that his waiver of the right to a jury trial is invalid on the ground that
the record does not establish that he signed the written waiver in open court, is not preserved for
our review (see CPL 470.05 [2]; People v Hill, 164 AD3d 1651, 1651 [2018]; People v Brown, 81 AD3d 499,
500 [2011]). In any event, that contention lacks merit. Pursuant to New York Constitution article
I, § 2, a jury waiver must be "a written instrument signed by the defendant in person in open
court before and with the approval of a judge or justice of a court having jurisdiction to try the
offense." Criminal Procedure Law section 320.10 (2) similarly provides, in pertinent part, that
"[s]uch waiver must be in writing and must be signed by the defendant in person in open court in
the presence of the court, and with the approval of the court." Here, the transcript of the
proceedings of March 21, 2017 clearly shows that defendant, after inquiry by the court,
consented to waive his right to a jury trial in open court and that he was presented with the
waiver of jury form to execute. The court approved the signed jury waiver form after defendant
had conferred with counsel regarding his waiver of a jury trial. Although the record is silent as to
where defendant actually signed the form, even if "the waiver itself [was not] signed in open
court, the entire colloquy about the waiver took place in open court, thus rendering the waiver
valid" (People v Badden, 13 AD3d
463, 463 [2004]; see People v Perez, 213 AD2d 351, 352 [1995]; People v Perrone-Maple, 66 Misc 3d
142[A], 2020 NY Slip Op 50164[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020];
cf. People v Davidson, 136 AD2d 66, 68-70 [1988]).
Defendant's further contention, that his waiver is invalid on the ground that the City Court
did not inquire as to his voluntariness or understanding regarding the waiver of a jury trial, is also
unpreserved for our review (see CPL 470.05 [2]; People v McCoy, 174 AD3d 1379, 1381 [2019]; People v Hailey, 128 AD3d 1415,
1415 [2015]; People v Pelaccio, 159 AD2d 734, 735 [1990]) and, in any event, does not
warrant reversal. "Although an allocution by the trial judge eliciting defendant's full
understanding of the importance of the right being waived would have been better practice, no
particular catechism is required to establish the validity of a jury trial waiver" (People v Smith, 6 NY3d 827, 828
[2006]; accord People v Elshabazz,
145 AD3d 1528, 1529 [2016]; People v Dixon, 50 AD3d 1519, 1520 [2008]).
The court advised defendant that he had a right to a jury trial where six jurors would be
selected in addition to two alternate jurors who would listen to the facts in this case and that a
determination of his guilt would be made by the jury. Defendant, upon questioning by the court,
confirmed that he wanted the court to decide the case even though he had a right to a trial by jury.
In view of the foregoing, the court properly accepted defendant's jury waiver (see CPL
320.10 [2]; People v Lamphier, 302 AD2d 864 [2003]; People v Buckley, 299
AD2d 417 [2002]). Since nothing in the record would have alerted the court to the possibility
that defendant was not fully aware of the consequences of waiving a jury trial, no inquiry into
defendant's awareness was necessary (see People v Medina, 202 AD2d 256, 257 [1994];
People v Burnett, 136 AD2d 888 [1988]; People v Dominy, 116 AD2d 851, 852
[1986]).
Defendant's contention, that he was deprived of the effective assistance of counsel as it
related to the waiver of a jury trial, is based, in part, on matter appearing on the record and, in
part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance"
(People v Maxwell, 89 AD3d
1108, 1109 [2011]; see People v
Evans, 16 NY3d 571, 575 n 2 [2011]). Since defendant's claim of ineffective assistance
of counsel cannot be resolved without [*2]reference to matter
outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in
its entirety (see People v Atkins,
157 AD3d 899, 899-900 [2018]; People v Direnzo, 134 AD3d 851, 851 [2015]; People v Freeman, 93 AD3d 805,
806 [2012]).
Contrary to defendant's contention that the court should have conducted an inquiry regarding
a request for new counsel, we note that, at a proceedings conducted on April 24, 2017, he did not
make a request for new counsel or even express a desire to obtain new counsel. Additionally, he
did not indicate that he could not or would not communicate with counsel. Defendant's
generalized assertions during the pretrial proceeding that he was not particularly satisfied with
counsel's advice regarding a possible dismissal of the case and that it would not go to trial
contained no specific factual allegations of serious complaints about counsel or that he did not
wish to proceed to trial with his attorney. Thus, no inquiry by the court was warranted (see People v Melendez, 71 AD3d
1166 [2010]).
Accordingly, the amended judgment of conviction is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 16, 2021