■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVIDSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered October 5, 1984, convicting him of robbery in the second degree and assault in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The inconsistencies between the testimony of the People's witness with respect to the description of the perpetrator and the defendant's actual appearance, were questions of fact which the trial court resolved *(see, People v Herriot,* 110 AD2d 851, 852; *People v McCann,* 90 AD2d 554).

The defendant was not denied effective assistance of counsel. Defense counsel asked for and received various police reports and medical reports, and inspected the Grand Jury minutes. He also moved for, and was granted, *Wade, Huntley,* and *Sandoval* hearings. He presented a coherent alibi defense, and consistently argued the theory of misidentification both through cross-examination of the People's witnesses and on summation.

The issue raised with respect to the procedure followed in approving the defendant's waiver of a jury trial has not been preserved for appellate review as a matter of law (CPL 470.05 [2]). In any event, the record does not provide an adequate basis upon which we can review the procedure regarding the waiver *(see, People v Johnson,* 51 NY2d 986).

Finally, the sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.