■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY ADKINS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was arrested at about 8:20 A.M. and shortly thereafter, he was given the *Miranda* warnings, waived his rights, and gave an inculpatory statement. He was then transported to the Rochester Public Safety Building, and at 9:50 that same morning, gave a second oral statement that was reduced to a writing and signed. After a hearing, the court suppressed the written statement because defendant could not read or write, but denied suppression of the second oral statement. The suppression court emphasized that suppression of the oral statement was not required because the record revealed that defendant sufficiently understood the warnings given at the time of arrest.

We reject defendant's claim that he should have been re-*Mirandized* prior to questioning at the Public Safety Building. Defendant was in continuous police custody and proper warnings were issued prior to any questioning. The subsequent interrogation commenced within a reasonable time thereafter, and it was not necessary to repeat the warnings *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied*

472 US 1021; *People v Crosby,* 91 AD2d 20, 29). Moreover, the court's finding that defendant understood the warnings and voluntarily and intelligently waived his rights was supported by the record and should not be disturbed *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Valencia,* 126 AD2d 764, *lv denied* 69 NY2d 956).

The court conducted a sufficient inquiry into the basis for defendant's waiver of a jury trial *(see,* CPL 320.10). Although given the opportunity to speak to the court, defendant did not raise any claim that he was pressured by trial counsel into signing the waiver, and the record does not support any such claim. Because it appeared that defendant was not using the waiver to gain some sort of procedural advantage and that he understood the consequences of his decision, the court did not err by accepting the waiver *(People v Davis,* 49 NY2d 114).

We have reviewed defendant's remaining claims and find them to be without merit. We additionally note that the claim that certain hearsay evidence was improperly received was not preserved for our review, and the exercise of our discretion in the interest of justice is not warranted (CPL 470.15 [6] [a]). (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—attempted murder, second degree, and other charges.) Present—Dillon, P. J., Callahan, Green, Balio and Lawton, JJ.