■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BUSH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered September 8, 1986, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant initially contends that the prosecutor exercised her peremptory challenges in a racially discriminatory manner and that he is, therefore, entitled to a new trial under the principle enunciated in *Batson v Kentucky* (476 US 79). We disagree. The record reveals that the prosecutor, in response to defense counsel's objections, provided racially neutral explanations for the exclusion of the three prospective jurors in question. Therefore, assuming that the defendant established a prima facie case of discrimination in the jury selection process, we find that the People satisfied their burden of rebuttal *(see, People v Howard,* 143 AD2d 943; *People v Cartagena,* 128 AD2d 797; *People v Baysden,* 128 AD2d 795).

Nor is there merit to the defendant's claim that he was deprived of the effective assistance of counsel. Rather, the record discloses that the defendant received meaningful representation and that defense counsel engaged in legitimate efforts to present an appropriate defense *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137; *People v Cox,* 146 AD2d 795). Moreover, to the extent that the defendant's claim of ineffective assistance of counsel rests upon matters outside the record, that claim is not reviewable on direct appeal *(see, People v Ocana,* 135 AD2d 743). Although the defendant raised this issue in a motion pursuant to CPL 440.10, we note that he did not seek permission to appeal from the denial of that motion.

We have examined the defendant's remaining contention and find it to be without merit. Mollen, P. J., Brown, Eiber and Rosenblatt, JJ., concur.