■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOSEPH PELACCIO, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Silverman, J.), both rendered August 1, 1988, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (three counts) under indictment No. 87-01367-01 and criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree under indictment No. 87-01368-01, after nonjury trials, and imposing sentences.

Ordered that the judgments are affirmed.

On appeal, the defendant contends that he was deprived of

the effective assistance of counsel based, *inter alia,* upon his trial counsel's reliance on the defenses of entrapment and agency. However, it is not the province of this court to "second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" *(People v Satterfield,* 66 NY2d 796, 799-800). Upon our review of the record, we conclude that the defendant received meaningful representation and that defense counsel engaged in legitimate efforts to present an appropriate defense *(see, People v Satterfield, supra; People v Baldi,* 54 NY2d 137; *People v Bush,* 157 AD2d 736). Moreover, to the extent that the defendant's claim rests upon matters outside of the record, it is not reviewable on direct appeal *(see, People v Bush, supra; People v Sampson,* 156 AD2d 492).

The defendant's further contention that the trial court failed to conduct an adequate inquiry into the basis for his waiver of a jury trial is unpreserved for review *(see, People v Johnson,* 51 NY2d 986; *People v Magnano,* 158 AD2d 979; *People v Davidson,* 123 AD2d 782). In any event, the defendant's written waiver of his right to a jury trial was signed and acknowledged in open court *(see,* CPL 320.10; *People v Magnano, supra),* and the Trial Judge conducted a sufficient inquiry to ensure that the defendant understood the consequences of his decision *(see, People v Adkins,* 145 AD2d 937; *cf., People v Davidson,* 136 AD2d 66).

We find no merit to the defendant's contention that his sentence was excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.