■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WADE HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 16, 1987, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion by denying his motion to substitute assigned counsel. Although the right to be represented by counsel of one's own choosing is a valued one, an indigent defendant does not have the right to the appointment of successive lawyers absent a showing of good cause for the substitution (see, People v Sides, 75 NY2d 822; People v Sawyer, 57 NY2d 12, 18-19, cert denied 459 US 1178). In this case, the defendant's generalized assertion that assigned counsel was not "properly taking care of" him, did not constitute such good cause (see, People v Sawyer, supra; People v Thornton, 167 AD2d 935). Moreover, while the defendant further claimed that assigned counsel had failed to make a pretrial investigation or appropriate suppression motions, the court's inquiry was sufficient to establish that these claims were groundless.

The defendant's further challenge to the sufficiency of his plea allocution is unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Pascale, 48 NY2d 997; People v Esposito, 157 AD2d 850). In any event, upon our review of the record we find that the defendant knowingly and voluntarily waived his right to a potential justification defense (cf., People v Riley, 91 AD2d 671). Moreover, the defendant's account of the stabbing of his victim spelled out the requisite elements of manslaughter in the first degree, and negated the prospect of a justification defense (see, People v Carmona, 111 AD2d 930; see also, People v Major, 116 AD2d 594; People v Doctor, 98 AD2d 780).

Since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (see, People v Kazepis, 101 AD2d 816).

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find either that they are not properly before this court (see,

*People v Ghee,* 153 AD2d 954), or are without merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.