■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v URIEL BRADY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered October 25, 1989, convicting him of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's assertion that the evidence of forcible compulsion was insufficient as a matter of law. The complainant's testimony on this point was legally sufficient to support the finding that the defendant's sexual relations with her were accomplished by means of forcible compulsion (see, People v Contes, 60 NY2d 620; People v Barnes, 151 AD2d 586; People v Pepples, 135 AD2d 581). Similarly, the defendant's own testimony to the effect that he attempted to penetrate the complainant and thereby caused her to bleed was legally sufficient to establish the element of "penetration" pursuant to Penal Law § 130.00 (1). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's claim that he was denied effective assistance of trial counsel is unsupported by the record, which demonstrates that the defendant was provided with meaningful representation (see, People v Baldi, 54 NY2d 137, 147; People v Pelaccio, 159 AD2d 734). To the extent that the defendant's claim rests upon matters outside of the record, it is not reviewable on direct appeal (see, People v Pelaccio, supra; People v Reyes, 158 AD2d 626). In this regard, we note that the defendant failed to timely and properly seek leave to appeal from the trial court's denial of his motion to vacate the judgment pursuant to CPL 440.10 (see, CPL 450.15 [1]; 460.10 [4] [a]; 460.30). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.