■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MALDONADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered November 1, 1989, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, *inter alia,* with murder in the second degree (two counts) and robbery in the first degree (two counts). The indictment alleged that the defendant and his codefendant, during the course of a robbery committed on June 1, 1988, and in furtherance of that crime and in immediate flight therefrom, caused the death of Jose F. Torres-Ramirez. Prior to the conclusion of the pretrial suppression hearing, the defendant moved for the assignment of new counsel. His application was denied. Thereafter, the defendant pleaded guilty to murder in the second degree (felony murder) in satisfaction of all counts in the indictment. At sentencing, the defendant moved to withdrew his plea, and renewed his motion for the assignment of new counsel.

"Although the right to be represented by counsel of one's own choosing is a valued one, an indigent defendant does not have the right to the appointment of successive lawyers absent a showing of good cause for the substitution *(see, People v Sides,* 75 NY2d 822; *People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178)" *(People v Harris,* 173 AD2d 486). While trial courts are under a continuing duty to carefully evaluate

complaints regarding assigned counsel in order to insure that the defendants are receiving effective assistance of counsel, this defendant failed to show good cause to justify assignment of new counsel *(see, People v Peterkin,* 133 AD2d 472). He failed to voice his dissatisfaction with counsel until the suppression hearing was already in progress, and, even then, made only the generalized assertion that counsel failed to adequately consult with him regarding his case. Under the circumstances, the Supreme Court did not improvidently exercise its discretion in refusing to assign new counsel *(see, People v Thornton,* 167 AD2d 935).

While a defendant who moves to withdraw his or her guilty plea at the time of sentencing must be afforded a reasonable opportunity to advance his or her claim, only in rare circumstances will an evidentiary hearing be warranted *(see, People v Colon,* 114 AD2d 967). In this case, the plea minutes unequivocally indicate that the defendant voluntarily admitted his participation in an armed robbery during which a nonparticipant was killed. Accordingly, his motion to withdraw his guilty plea was properly denied.

We have considered the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.