■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA OSPINA, Appellant. [598 NYS2d 725] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered May 30, 1991, convicting her of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and endangering the welfare of a child (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant's contention that the record of the proceedings fails to establish that she knowingly, intelligently and voluntarily waived her right to appeal (see generally, *People v Callahan*, 80 NY2d 273; *People v Brown*, 190

AD2d 813; *People v Markland,* 183 AD2d 788). However, the defendant's present challenge to the validity of her waiver of the right to a jury trial has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Magnano,* 77 NY2d 941, *affg* 158 AD2d 979, *cert denied* — US —, 112 S Ct 189; *People v Johnson,* 51 NY2d 986; *People v Pelaccio,* 159 AD2d 734; *People v Sierra,* 143 AD2d 1065). In any event, were we to reach the issue, we would find that the written jury waiver form executed by the defendant and the statements on the record adequately demonstrate that the jury waiver in this case was valid.

Finally, in view of the gravity of the offenses and the defendant's involvement of her infant children in the crimes, we discern no basis for disturbing the sentence imposed by the Supreme Court *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.