■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS COLON, Also Known as MACHO, Appellant. [598 NYS2d 1008] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered January 9, 1992, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was sentenced upon his plea of guilty to an agreed-upon term of imprisonment of 9 to 18 years. On appeal, defendant contends that there was insufficient evidence to support his guilt, he was denied effective assistance of counsel, and his sentence was harsh and excessive.

The record reveals that defendant made a voluntary, knowing and intelligent waiver of his right to appeal *(see, People v Seaberg,* 74 NY2d 1; *see also, People v Callahan,* 80 NY2d 273). In any event, by entering such a guilty plea defendant forfeited any argument as to the sufficiency of the evidence supporting the plea *(see, People v Dunbar,* 53 NY2d 868; *People v Thomas,* 53 NY2d 338; *People v Gerber,* 182 AD2d 252, 261, *lv denied* 80 NY2d 1026). Nor are we inclined to reverse in the interest of justice given defendant's admission of guilt and express rejection during his plea colloquy of the agency defense now asserted on appeal. Further, were we to consider the issue we would find no reason to disturb the

sentence imposed by County Court given defendant's criminal record and the fact that he agreed to the sentence imposed, which was not the harshest possible, as a part of a negotiated plea that allowed him to plead guilty to one count in satisfaction of a four-count indictment *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899). Finally, we cannot conclude on the record before us that defendant was denied the effective assistance of counsel and, to the extent that defendant's claims rely upon material outside the record, they are not reviewable on this direct appeal *(see, People v Pelaccio,* 159 AD2d 734, *lv denied* 76 NY2d 793).

Weiss, P. J., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.