■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WELLS, Appellant. [626 NYS2d 965] —Appeal by the defendant from (1) two judgments of the County Court, Suffolk County (Weissman, J.), both rendered October 9, 1992, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree under Indictment No. 2226/90, and burglary in the second degree under Indictment No. 526/91, upon his pleas of guilty, and imposing sentences, and (2) a judgment of the same court, rendered October 16, 1992, convicting him of attempted burglary in the second degree under Indictment No. 1419/92, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant contends that the trial court erred in denying his request to withdraw his pleas of guilty. We disagree. It is well settled that the determination of whether to permit a defendant to withdraw a plea of guilty rests within the sound discretion of the trial court *(see, People v Evans,* 204 AD2d 346). Here, the record shows that the defendant's pleas of guilty were made knowingly, voluntarily, intelligently, and with the assistance of competent counsel *(see, People v Harris,* 61 NY2d 9).

The defendant also contends that the trial court erred in denying his application for a substitution of counsel. An indigent defendant has a right to a court-appointed attorney, but he does not have a choice of assigned counsel *(see, People v Gaines,* 212 AD2d 727; *People v Jones,* 212 AD2d 546). Here, the defendant's vague and conclusory assertion that he had lost confidence in his assigned counsel was insufficient to establish good cause for a substitution of counsel.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.