THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED B. GEORGE, JR., Appellant. [630 NYS2d 174] —Judgment

unanimously modified on the law and as modified affirmed and matter remitted to Cattaraugus County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of rape in the second degree, incest, and two counts of sexual abuse in the third degree. We reject the contention of defendant that his conviction of rape and incest is not supported by legally sufficient evidence of penetration. The 12-year-old victim testified that defendant attempted to put his penis inside her vagina and that his conduct caused her to be in substantial pain and to bleed from her vagina. That testimony is supported by medical evidence from the victim's treating physician that the victim had extensive redness around her vaginal opening and that she exhibited a tear or laceration of her hymen. The testimony of the victim and her treating physician is legally sufficient to establish that "penetration, however slight" occurred (Penal Law § 130.00 [1]; *see, People v Hobot*, 200 AD2d 586, 594, *affd* 84 NY2d 1021; *People v White*, 185 AD2d 472, 473, *lv denied* 80 NY2d 935; *People v Brady*, 176 AD2d 743). Moreover, the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

County Court did not err in permitting the People to amend renumbered count three of the indictment charging defendant with incest (*see,* Penal Law § 255.25) to identify correctly the victim as a descendant rather than an ancestor of defendant (*see,* CPL 200.70 [1]). Contrary to the contention of defendant, the amendment did not change the theory of the prosecution.

Defendant failed to preserve for our review his contention that the court erred in admitting certain testimony of the treating physician (*see,* CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that the court erred in permitting the prosecutor to elicit testimony from a police investigator, who interrogated defendant immediately before his arrest, that defendant remained silent during that interrogation (*see, People v Sanders*, 199 AD2d 1011, 1012, *lv denied* 83 NY2d 810). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject the contention that defendant was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147; *see, People v Flores*, 84 NY2d 184; *People v Kroemer*, 204 AD2d 1017, *lv denied* 84 NY2d 828, 1012).

Finally, the sentence imposed upon defendant's conviction of the two counts of sexual abuse in the third degree, class B misdemeanors (*see,* Penal Law § 130.55), is illegal and must be vacated. The maximum permissible sentence that a court may impose upon a conviction of a class B misdemeanor is three months' incarceration (*see,* Penal Law § 70.15 [2]). Thus, we remit the matter to Cattaraugus County Court for resentencing on those two counts. Finally, we reject the contention of defendant that his sentence is otherwise unduly harsh or severe. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Rape, 2nd Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.