◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON GARCIA, Appellant. [704 NYS2d 267] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered March 10, 1998, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the pros-

ecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's contention that his jury waiver was invalid is unpreserved for appellate review (*see, People v Johnson,* 51 NY2d 986, 987-988; *People v Pelaccio,* 159 AD2d 734, 735; *People v Aponte,* 144 AD2d 679, 680; *People v Davidson,* 123 AD2d 782, 783). In any event, the record reveals that the defendant, who was represented by an attorney, signed the waiver form in open court after an inquiry by the court as to his understanding of the consequences of his choice (*see, People v Johnson, supra,* at 987-988; *People v Pelaccio, supra,* at 735; *People v Aponte, supra,* at 680; *People v Davidson, supra,* at 783).

The defendant's contention that the trial court erred in denying his application for a substitution of counsel is without merit. Although an indigent defendant has a right to a court-appointed attorney, he does not have a choice of assigned counsel and new counsel will not be appointed unless he can show good cause for a substitution (*see, People v Wells,* 215 AD2d 419; *People v Harris,* 173 AD2d 486; *People v Leach,* 108 AD2d 871, 872). General assertions by the defendant that he lost faith and confidence in his counsel or that he did not believe his counsel was properly representing him do not constitute good cause (*see, People v Wells, supra,* at 419; *People v Harris, supra*), especially when the Trial Judge has described appointed counsel as an excellent and highly qualified trial attorney (*see, People v Leach, supra*).

The defendant's sentence was not excessive (*see,* CPL 470.15 [4] [c]; *People v Suitte,* 90 AD2d 80, 86).

The defendant's remaining contentions, including those in his supplemental *pro se* brief, are without merit. Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.