■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVILLE PERRY, Appellant. [715 NYS2d 166] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered September 17, 1997, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to counsel was unequivocal, voluntary, and intelligent (*see, People v Smith,* 92 NY2d 516, 520; *People v Slaughter,* 78 NY2d 485, 491; *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178). The trial court undertook a sufficiently searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see, People v Smith, supra,* at 520; *People v Slaughter, supra,* at 491; *People v Sawyer, supra,* at 21). Further, the trial court apprised the defendant of the risks and dangers of self-representation, and thus properly granted his request to proceed *pro se* (*see, People v Vivenzio,* 62 NY2d 775; *People v El,* 250 AD2d 395).

The defendant's challenge to the validity of his waiver of the right to a jury trial is unpreserved for appellate review (*see, People v Magnano,* 77 NY2d 941, *affg* 158 AD2d 979, *cert denied*

502 US 864; *People v Garcia,* 269 AD2d 464; *People v Wheeler,* 258 AD2d 542; *People v Ospina,* 192 AD2d 680). In any event, the written waiver form executed by the defendant and his statements on the record demonstrate that the jury waiver was valid (*see, People v Wheeler, supra; People v Ospina, supra*).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.