■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY L. BOOKER, Appellant. [719 NYS2d 908] —Mercure, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 23, 1999, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In satisfaction of a 10-count indictment, which included charges of robbery in the first degree, defendant entered a plea of guilty to robbery in the second degree and was sentenced as a second felony offender to the agreed-upon determinate prison term of seven years, with five years of postrelease supervision. On appeal, defendant claims that he was improperly sentenced as a second felony offender and that he was deprived of effective assistance of counsel. We reject both claims and affirm the judgment of conviction.

Defendant, who was represented by counsel, negotiated a favorable plea bargain, entered a knowing and voluntary plea with the understanding that he would receive a specific sentence, was sufficiently given notice of and an opportunity to

controvert the second felony offender statement, admitted that he was the person convicted of the prior felony, made no claim regarding the validity of the prior conviction and received the agreed-upon sentence. In these circumstances, there was substantial compliance with CPL 400.21 and County Court's oversight in failing to expressly inquire as to whether defendant wished to controvert the allegations of the second felony offender statement was harmless (*compare, People v Mann*, 258 AD2d 738, *lv denied* 93 NY2d 900, *with People v Bryant*, 180 AD2d 874). Defendant's ineffective assistance of counsel claim has no support in the record and, to the extent that the claim is based on omissions of counsel which allegedly occurred outside the record, the claim should be pursued in a CPL 440.10 motion rather than on direct appeal (*see, People v Gonzalez*, 206 AD2d 669; *People v Colon*, 193 AD2d 974, *lv denied* 82 NY2d 752).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.