■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AGOLA, Appellant. [736 NYS2d 897] —Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Rotker, J.), rendered January 29, 2001, convicting him of robbery in the second degree (two counts) under Indictment No. 27/98, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 29, 2001, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his prior conviction of attempted burglary in the second degree under Indictment No. 3508/93.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that the Supreme Court erred in denying his motion to withdraw his plea of guilty. We disagree. The determination of whether to permit a defendant to withdraw a plea of guilty rests within the sound discretion of the court (*see*, CPL 220.60 [3]; *People v Wells*, 215 AD2d 419). Here, contrary to the defendant's contention, the record shows that his plea and admission were made knowingly, voluntarily, intelligently, and with the assistance of competent counsel (*see, People v Wells, supra; see also, People v Cataldo*, 39 NY2d 578, 580; *People v Davis*, 161 AD2d 787). In addition, there is no merit to the defendant's contention that the Supreme Court promised an illegal term of imprisonment. Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL ALAMO, Appellant. [736 NYS2d 913] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 25, 1995, which granted a motion by assigned counsel to discontinue as abandoned appeals from two judgments of the Supreme Court, Queens County, both rendered April 8, 1993, and dismissed the appeals.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). Altman, J.P., Krausman, Goldstein and Friedmann, JJ., concur.