People v McLean (2019 NY Slip Op 05423)





People v McLean


2019 NY Slip Op 05423


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-01837
 (Ind. No. 86/17)

[*1]The People of the State of New York, respondent,
v
Jermell I. McLean, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered November 30, 2017, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
Although the defendant's challenges to the voluntariness of his plea of guilty survive the defendant's valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Kovalsky, 166 AD3d 900; People v Miller, 166 AD3d 812), those contentions are unpreserved for appellate review, since he did not move to withdraw his plea or otherwise raise those contentions before the County Court (see CPL 470.05[2]; People v Kovalsky, 166 AD3d at 901; People v Miller, 166 AD3d at 813; People v McClenic, 155 AD3d 1064). In any event, those contentions are without merit (see People v Nixon, 21 NY2d 338, 356; People v Booker, 280 AD2d 785, 785-786).
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court