■ The People of the State of New York, Respondent, v Jesus Perez, Appellant. [624 NYS2d 413] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 24, 1991, convicting defendant, after a nonjury trial, of robbery in the third degree and two counts of criminal posses-

sion of stolen property in the fourth degree, and sentencing him as a predicate felony offender, to concurrent terms of 2½ to 5 years, 2 to 4 years, and 2 to 4 years, respectively, and order, same court and Justice, entered December 6, 1994, denying defendant's motion to vacate judgment, unanimously affirmed.

There is no merit to defendant's claim that the jury waiver was not validly executed in accordance with CPL 320.10. The record is clear that defendant had an interpreter available to him and discussed the matter with counsel, and that the court, during an extensive inquiry over two days, ensured that defendant was aware of the nature and consequences of the waiver, but is unclear whether or not the waiver was signed in open court. The entire colloquy concerning the waiver took place in open court. That defendant might have signed the waiver before the colloquy does not require the conclusion that it was not signed in open court (compare, People v Davidson, 136 AD2d 66).

Defendant's other claim that his attorney was ineffective in not seeking a Sandoval ruling or delivering a summation in this nonjury trial is without merit, unsupported as it is by additional background facts that might have been developed by an appropriate after-judgment motion pursuant to CPL 440.10 (see, People v Love, 57 NY2d 998, 1000). Upon the present record, we cannot conclude that counsel was ineffective. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.