■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONAHUE A. MILLER, JR., Appellant. [630 NYS2d 99] —Spain, J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered April 11, 1994, convicting defendant following a nonjury trial of the crime of reckless endangerment in the second degree.

Defendant was engaged in an altercation with Eric Sherer at a gas station/convenience store in the Town of Claverack, Columbia County, on the evening of July 7, 1992 following a "tailgating" incident involving the vehicles driven by the two men on a highway leading to the gas station. Defendant, who testified on his own behalf, admitted that he followed Sherer to the gas station and eventually to the gas pumps. He further admitted that during the altercation, while he was pumping gas, he pointed the nozzle of the gasoline hose in the direction of Sherer, said "Come on" and squirted a quantity of gasoline on the ground in front of Sherer to keep him away. The gas was ignited, although defendant denied lighting it. Sherer, his nephew and his girlfriend each testified that defendant leaned over and lit the spilled gasoline with a cigarette lighter. Sherer admitted arguing with defendant and said that during the altercation he got a baseball bat out of his car and approached defendant. The results of the altercation are undisputed; the rear bumper on Sherer's car sustained a burn mark, as did the canopy above the gas pumps.

Defendant was indicted for the crimes of attempted assault in the first degree, reckless endangerment in the first degree and attempted arson in the second degree. A *Sandoval* hearing was held at which County Court ruled that four of defendant's prior convictions could be inquired into if defendant chose to testify on his own behalf. Subsequent to the *Sandoval* ruling, defendant signed a written waiver of his right to a jury trial. Following the nonjury trial, County Court found defendant guilty of the lesser included crime of reckless endangerment in the second degree, i.e., recklessly engaging in conduct which creates a substantial risk of serious physical injury to another person. Defendant was thereafter sentenced to 3 years' probation. Defendant appeals.

Defendant contends that County Court's *Sandoval* ruling was erroneous and deprived him of a fair trial; he further claims that the *Sandoval* ruling unfairly coerced him into waiving his right to a jury trial and, thus, the waiver was not voluntarily made as constitutionally required. More specifically, defendant contends that all but one of the four convictions which were ruled appropriate for cross-examination, if

defendant testified, were over 10 years old and therefore too remote to be of probative value with respect to defendant's credibility. Defendant's contention that a criteria exists regarding convictions over 10 years old belies the rationale set forth in *People v Walker* (83 NY2d 455), where the Court of Appeals stated that "there are no per se rules requiring preclusion because of the age, nature and number of a defendant's prior crimes" (*supra*, at 459; *see, People v Alexander*, 176 AD2d 947, *lv denied* 79 NY2d 852). In view of defendant's lengthy criminal history and the nature of the convictions on which County Court permitted inquiry, we conclude that its *Sandoval* ruling was not an abuse of discretion (*see, People v Ashley*, 145 AD2d 782). Moreover, County Court's ruling did not deter defendant from testifying on his own behalf (*see, People v Sandoval*, 34 NY2d 371).

Defendant's contention that the erroneous *Sandoval* ruling acted to coerce him into waiving his right to a jury trial is not supported by the record. Defendant's waiver was signed by him in open court after consultation with counsel; after an inquiry as to defendant's age, education, ability to read and write and whether defendant was under the influence of any substance, the waiver was approved by County Court. The record clearly supports the proposition that defendant knowingly, voluntarily and intelligently waived his right to a jury trial (*see, People v Simmons*, 182 AD2d 1018, 1019).

Finally, defendant asserts that County Court erred when prior to summations it ruled that it would not consider defendant's justification defense. A trial court need not charge justification where no reasonable view of the evidence supports the elements of the defense (*see, People v Reynoso*, 73 NY2d 816, 818; *People v Turner*, 204 AD2d 580, *lv denied* 84 NY2d 833). Upon review of the record, we conclude that County Court properly determined from defendant's own testimony that, even if Sherer approached him with a bat, defendant had several opportunities to retreat yet failed to do so (*see*, Penal Law § 35.15 [2]).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the judgment is affirmed.