■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. WEGMAN, Appellant. [769 NYS2d 682]—

Appeal from a judgment of Steuben County Court (Furfure, J.), entered July 9, 2001, convicting defendant after a nonjury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of criminal use of a firearm in the first degree under count 10 of the indictment, vacating the sentence imposed thereon and dismissing that count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a bench trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]); three counts of kidnapping in the second degree (§ 135.20); three counts of burglary in the first degree (§ 140.30 [1], [2], [4]); assault in the second degree (§ 120.05 [2]); and two counts of criminal use of a firearm in the first degree (§ 265.09 [1] [a], [b]). Defendant failed to preserve for our review his contention that he did not knowingly, voluntarily and intelligently waive his right to a jury trial (*see People v Magnano,* 158 AD2d 979 [1990], *affd* 77 NY2d 941, *cert denied* 502 US 864 [1991]). In any event, that contention lacks merit. Defendant waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2) (*cf. People v Finkle,* 262 AD2d 971, 972 [1999], *appeal dismissed* 94 NY2d 942 [2000]), and the record establishes that defendant's waiver was knowing, voluntary and intelligent.

By failing to object to the testimony of one of the victims that she had hidden a gun owned by defendant because defendant "always said he was going to kill [her]," defendant failed to preserve for our review his contention that County Court erred in admitting that testimony (*see* CPL 470.05 [2]). In any event, any error in the admission of that testimony is harmless, particularly because this was a bench trial, and we may

therefore presume that the court considered only competent evidence in reaching its verdict (*see People v Jones,* 289 AD2d 1010 [2001], *lv denied* 97 NY2d 756 [2002]).

The further contention of defendant that the court erred in refusing to suppress statements that he made to medical personnel in the presence of a police officer is moot, inasmuch as the prosecution did not introduce those statements at trial (*see People v Burnett,* 306 AD2d 947, 948 [2003]).

We reject the contention of defendant that the court abused its discretion in precluding defendant from recalling a prosecution witness to testify during the presentation of his defense (*see People v Taylor,* 231 AD2d 945, 946 [1996], *lv denied* 89 NY2d 930 [1996]). The court did not limit defendant's cross-examination of the witness, and thus we conclude that defendant previously was afforded the opportunity to question that witness with respect to his observations of powder burns on one of the victims and the trajectories of the bullets that struck that victim, but failed to do so.

Defendant's contention that the evidence is legally insufficient to support the conviction is without merit (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). We further disagree with both defendant and the People that count five, charging defendant with assault in the second degree, is an inclusory concurrent count of count four, charging defendant with attempted murder in the second degree (*see* CPL 300.30 [4]). It is possible to commit the greater offense without also committing the lesser (*see People v Glover,* 57 NY2d 61, 63-64 [1982]), and thus the lesser offense is not included within the greater offense, as required by CPL 300.30 (4). We further conclude, however, that count 10, charging defendant with criminal use of a firearm by committing a class B felony while displaying what appears to be a revolver, must be dismissed as a non-inclusory concurrent count of count three (*see* CPL 300.30 [4]; *People v Brown,* 67 NY2d 555, 560-561 [1986], *cert denied* 479 US 1093 [1987]). Count three charged defendant with burglary in the first degree by knowingly entering or remaining unlawfully in a dwelling with the intent to commit a crime therein and, while in the dwelling, displaying what appeared to be a revolver. "When use of or display of a firearm is an element of a class B felony, the use or display of that same firearm cannot also be the predicate for criminal display of a firearm in the first degree" (*Brown,* 67 NY2d at 560). We therefore modify the judgment by reversing that part convicting defendant of criminal use of a firearm in the first degree under count 10 of the indictment, vacating the sentence imposed thereon and dismissing that count.

We reject defendant's further contention that the kidnapping count with respect to the attempted murder victim merges with the attempted murder count and therefore must be dismissed. "The merger doctrine is intended to preclude conviction for kidnapping based on acts which are so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Cassidy,* 40 NY2d 763, 767 [1976]). Here, the discrete acts of the kidnapping that continued for approximately two hours were not "so much the part of" the shooting of one of the three kidnapping victims shortly after defendant encountered all three victims that the attempted murder of that victim could not have been committed without the acts comprising the kidnapping (*id.*). We reject defendant's further contention that the court erred in failing to consider certain lesser included offenses with respect to the counts charging kidnapping, assault in the second degree and criminal use of a firearm in the first degree. Even assuming, arguendo, that the additional offenses were lesser included offenses of those charged, we conclude that defendant failed to "show that there is a reasonable view of the evidence . . . that would support a finding that he committed [any of] the lesser offense[s] but not the greater" (*Glover,* 57 NY2d at 63).

The record does not support the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions, including those contained in the pro se supplemental brief, and conclude that they are without merit. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.