■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN K. WILLIAMS, Appellant. [773 NYS2d 696]—

Appeal from a judgment of the Monroe County Court (Elma A. Bellini, J.), rendered November 28, 2001. The judgment convicted defendant, after a nonjury trial, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of murder in the second degree (Penal

Law § 125.25 [2]). Defendant failed to preserve for our review his contentions that his waiver of the right to a jury trial was not knowing, intelligent and voluntary (see People v Magnano, 158 AD2d 979 [1990], affd 77 NY2d 941 [1991], cert denied 502 US 864 [1991]; People v Wegman, 2 AD3d 1333 [2003]) and that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, those contentions lack merit. "Defendant waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2)" (Wegman, 2 AD3d at 1334; cf. People v Finkle, 262 AD2d 971, 972-973 [1999], appeal dismissed 94 NY2d 942 [2000]) and, viewing the evidence in the light most favorable to the People, we conclude that it is legally sufficient to establish the elements of depraved indifference murder (see People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude that the verdict is not against the weight of the evidence (see id.). An eyewitness who knew defendant testified that he observed defendant shoot the victim at point-blank range. County Court credited the testimony of the eyewitness over that of defendant, who denied that he shot the victim, and the credibility determination of the trier of fact is entitled to great deference (see id.). Contrary to defendant's contention, the court was not required to provide a factual basis for its verdict (see People v Carter, 63 NY2d 530, 539 [1984]).

We reject the contention of defendant that the photo array was unduly suggestive and thus that his suppression motion should have been granted. The eyewitness did not know defendant's last name and, based upon the description of defendant provided by the eyewitness, the police compiled three computer-generated photo arrays, each containing six photographs of young black males with close-cropped hair. The three arrays were shown to the eyewitness at the same time, and he immediately identified defendant from the third page of photographs. It cannot be said that the viewer's attention is "drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (People v Rogers, 245 AD2d 1041, 1041 [1997]; see People v Merriweather, 298 AD2d 950 [2002], lv denied 99 NY2d 561 [2002]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Pine, Scudder, Gorski and Hayes, JJ.