■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY REED, Appellant. [788 NYS2d 757]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered June 20, 2002. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The credibility determinations of [Supreme] Court are entitled to great deference . . . , and there is no basis to conclude that the court failed to give the evidence the weight that it should be accorded" (*People v Scott*, 289 AD2d 974, 975 [2001], *lv denied* 97 NY2d 733 [2002]; *see People v Woodworth*, 8 AD3d 1010 [2004], *lv denied* 3 NY3d 683 [2004]). Defendant further contends that he did not knowingly, intelligently and voluntarily waive his right to a jury trial because the waiver was based on the court's allegedly erroneous *Molineux* ruling, which the court subsequently reversed during trial. Defendant failed to preserve his contention for our review (*see People v Williams*, 5 AD3d 1043, 1044 [2004], *lv denied* 2 NY3d 809 [2004]; *People v Wegman*, 2 AD3d 1333, 1334 [2003], *lv denied* 2 NY3d 747 [2004]) and, in any event, it is without merit. There is no indication that the court's initial *Molineux* ruling, even if erroneous, caused defendant to waive his right to a jury trial (*see generally People v Miller*, 217 AD2d 810, 811 [1995], *lv denied* 86 NY2d 798 [1995]). "Defendant waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2)

. . . , and the record establishes that defendant's waiver was knowing, voluntary and intelligent" (*Wegman*, 2 AD3d at 1334). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Pine and Hayes, JJ.