■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMARIO STAPLES, Appellant. [796 NYS2d 209]—

Appeal from a judgment of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), rendered December 5, 2002. The judgment convicted defendant, after a nonjury trial, of assault in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of assault in the third degree (Penal Law § 120.00 [1]). Defendant failed to preserve for our review his contention that his waiver of a jury trial was improper (*see People v Badden*, 13 AD3d 463 [2004], *lv denied* 4 NY3d 796

[2005]; *People v Brunson*, 307 AD2d 323, 324 [2003], *lv denied* 100 NY2d 641 [2003]). In any event, that contention is without merit as the record reflects that defendant's waiver of a jury trial was both in writing and executed in open court (*see* NY Const, art I, § 2; CPL 320.10 [2]; *cf. People v Finkle*, 262 AD2d 971, 972 [1999], *appeal dismissed* 94 NY2d 942 [2000]).

Defendant also failed to preserve for our review his contention that Supreme Court improperly considered and convicted defendant of a lesser included offense of that charged in the first count of the indictment, assault in the first degree (Penal Law § 120.10 [1]). It is undisputed that the court failed to advise counsel of its intention to consider lesser included offenses of those charged in the indictment. Nevertheless, "[b]y failing to object when the verdict was rendered, defendant failed to preserve for our review his contention[ ] that the court erred in failing to inform counsel that it would consider the lesser included offense" (*People v Schrader*, 251 AD2d 1032, 1033 [1998], *lv denied* 92 NY2d 882 [1998]). Moreover, defendant failed to request that summations be reopened so that he could address the lesser included offense that became the basis of his conviction (*see People v Jackson*, 166 AD2d 356 [1990], *lv denied* 77 NY2d 839 [1991]).

We also reject defendant's contention that the evidence is not legally sufficient to support the conviction. The People established that, while only one person used the knife that inflicted the stab wounds, defendant was part of a group of at least four people who acted with a community of purpose (*see People v Rosario*, 199 AD2d 92, 93 [1993], *lv denied* 82 NY2d 930 [1994]). "[T]here is 'no distinction between liability as a principal and criminal culpability as an accessory' " (*People v Rivera*, 84 NY2d 766, 770 [1995]). The conviction is based on legally sufficient evidence, and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.