■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE JACKSON, JR., Appellant. (Appeal No. 1.) [808 NYS2d 526]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered July 19, 2004. The judgment convicted defendant, after a nonjury trial on stipulated facts, of course of sexual conduct against a child in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a nonjury trial on stipulated facts of two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]). In appeal No. 2, defendant appeals from a judgment convicting him following the same nonjury trial of bribing a witness (§ 215.00). We reject the contention of defendant concerning the alleged invalidity of his waiver of the right to appeal. Defendant executed a written waiver of the right to appeal, and the record establishes that the waiver was knowing, voluntary, and intelligent (*see People v Johnston*, 17 AD3d 1103 [2005], *lv denied* 5 AD3d 829 [2004]). That waiver encompasses defendant's contention regarding the severity of the sentences imposed in each appeal (*see People v Lococo*, 92 NY2d 825, 827 [1998]) and, in addition, encompasses defendant's contention concerning the alleged error of County Court in conducting a bench trial on stipulated facts. Defendant specifically requested a bench trial on stipulated facts in exchange for an agreed-upon sentence, and he waived his right to appeal with respect to proceeding in that manner. In any event, there is no error in conducting a bench trial on stipulated facts (*see People v Harler*, 296 AD2d 712, 713 [2002]; *People v Boateng*, 246 AD2d 749, 749-750 [1998], *lv denied* 91 NY2d 970 [1998]).

Defendant failed to preserve for our review his further contention that his waiver of the right to a jury trial was not knowing,

intelligent, and voluntary (*see People v Staples*, 19 AD3d 1096 [2005], *lv denied* 5 NY3d 810 [2005]; *People v Williams*, 5 AD3d 1043, 1044 [2004], *lv denied* 2 NY3d 809 [2004]). That contention is without merit in any event because defendant's waiver of the right to a jury trial was both in writing and executed in open court (*see* NY Const, art I, § 2; CPL 320.10 [2]; *Staples*, 19 AD3d at 1096-1097), and "the record establishes that defendant's waiver was knowing, voluntary and intelligent" (*People v Wegman*, 2 AD3d 1333, 1334 [2003], *lv denied* 2 NY3d 747 [2003]). Defendant also failed to preserve for our review his contentions concerning the court's failure to advise him that he was subject to a period of postrelease supervision and that he was subject to registration under the Sex Offender Registration Act (Correction Law § 168 *et seq.*; *see People v Ginter*, 23 AD3d 1064 [2005]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Finally, contrary to the contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Kehoe, J.P., Martoche, Smith, Pine and Hayes, JJ.