■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER A. DIXON, Appellant. [856 NYS2d 383]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 26, 2006. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a nonjury trial of, inter alia, criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]), defendant contends that the evidence is legally insufficient to support his conviction of that crime. Defendant failed to preserve his contention for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient, given the statutory presumption set forth in Penal Law § 265.15 (4), to establish the elements of criminal possession of a weapon in the second degree (*see People v Willson*, 272 AD2d 959 [2000], *lv denied* 95 NY2d 873 [2000]; *People v Walcott*, 235 AD2d 368, 368-369 [1997], *lv denied* 90 NY2d 898 [1997]; *People v Wooten*, 149 AD2d 751 [1989], *lv denied* 74 NY2d 822 [1989]). We conclude that defendant's challenges to the grand jury proceeding concern the alleged legal insufficiency of the grand jury evidence, and thus they are "not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Smith*, 4 NY3d 806, 808 [2005]; *People v Boynton*, 35 AD3d 875, 876 [2006], *lv denied* 8 NY3d 982 [2007]).

Defendant failed to preserve for our review his contention that he did not knowingly, intelligently and voluntarily waive his right to a jury trial (*see People v Reed*, 15 AD3d 911 [2005], *lv denied* 4 NY3d 890 [2005]; *People v Williams*, 5 AD3d 1043, 1044 [2004], *lv denied* 2 NY3d 809 [2004]), as well as his contention that he was denied a fair trial by alleged prosecutorial misconduct on summation (*see People v Ricks*, 49 AD3d 1265 [2008]; *People v Green*, 48 AD3d 1245 [2008]). In any event,

those contentions lack merit. "Defendant waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2). . . , and the record establishes that defendant's waiver was knowing, voluntary and intelligent" (*People v Wegman*, 2 AD3d 1333, 1334 [2003], *lv denied* 2 NY3d 747 [2004]). "[N]o particular catechism is required to establish the validity of a jury trial waiver" (*People v Smith*, 6 NY3d 827, 828 [2006], *cert denied* 548 US 905 [2006]). Because the factfinder in this trial was Supreme Court, which " 'is deemed uniquely capable of distinguishing those issues properly presented to [it] from those not' " (*People v Kozlow*, 46 AD3d 913, 915 [2007]), we conclude that there is no danger that the prosecutor's allegedly improper comments on summation contributed to the verdict.

We reject the further contention of defendant that he was denied his right to effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287 [2004], *rearg denied* 3 NY3d 702 [2004]), and "a defendant must 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]). Given the absence of evidence of defendant's intent to use the handgun unlawfully against another and the People's reliance on the statutory presumption of intent set forth in Penal Law § 265.15 (4) to prove that element of criminal possession of a weapon in the second degree, we cannot agree with defendant that defense counsel had no "strategic or other legitimate explanation[ ]" for focusing on the intent element of that crime (*Rivera*, 71 NY2d at 709). Finally, we reject the contention of defendant that he was denied his right to a fair trial based on the cumulative effect of the alleged errors at trial. Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.