■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BROWN, Appellant. [916 NYS2d 110]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 27, 2009, convicting defendant, after a nonjury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

Defendant's claim that his waiver of a jury trial was invalid because he allegedly did not sign it in open court (*see* CPL 320.10 [2]) is a claim requiring preservation (*see People v Johnson*, 51 NY2d 986 [1980]; *People v Magnano*, 158 AD2d 979 [1990], *affd* 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]; *see also People v McDaniel*, 161 AD2d 1125 [1990], *lv denied* 76 NY2d 861 [1990]), and we decline to review this unpreserved claim in the interest of justice. "Moreover, quite apart from the lack of preservation, there is nothing on this record to afford a basis for determination of the question now raised for the first time" (*Johnson* at 987). Defendant did not meet his burden of presenting this Court with a factual record sufficient to permit review of this issue (*see People v Kinchen*, 60 NY2d 772, 773-774 [1983]). We note that there was an extensive colloquy about defendant's waiver of his right to a jury trial, and that the waiver form, signed by defendant and his counsel, expressly states that the waiver was made in open court.

Defendant did not preserve his legal sufficiency claims, including his argument that he established the affirmative defense to first-degree robbery set forth in Penal Law § 160.15 (4) as a matter of law, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Furthermore, in the exercise of our factual review power, we find that the court's verdict, including its rejection of the affirmative defense, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established the element of displaying what appeared to be a firearm (*see People v Lopez*, 73 NY2d 214 [1989]; *People v Garcia*, 278 AD2d 147 [2000], *lv denied* 96 NY2d 759 [2001]), and it failed to establish the affirmative defense, particularly since defendant had an opportunity to discard a weapon before the police arrested him.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Almendarez-Torres v United States*, 523 US 224 [1998]; *People v Bell*, 15 NY3d 935 [2010]). Concur—Mazzarelli, J.P., Friedman, McGuire, Renwick and Richter, JJ.