■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RABAH E. MORAN, Also Known as TERRY McKEE, Appellant. [930 NYS2d 353]—

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). Defendant failed to preserve for our review his contentions that his purported waiver of the right to a jury trial is invalid because the record does not establish that he signed the written waiver in open court, as required by CPL 320.10 and article I, § 2 of the New York Constitution (*see People v Magnano*, 158 AD2d 979 [1990], *affd* 77 NY2d 941 [1991], *cert denied* 502 US 864 [1991]; *People v Brown*, 81 AD3d 499 [2011]), and that he did not voluntarily waive his right to a jury trial (*see People v Dixon*, 50 AD3d 1519 [2008], *lv denied* 10 NY3d 958 [2008]; *People v White*, 43 AD3d 1407 [2007], *lv denied* 9 NY3d 1010 [2007]; *People v Jackson*, 26 AD3d 781, 781-782 [2006], *lv denied* 6 NY3d 849 [2006]). In any event, those contentions are without merit. Defendant repeatedly waived his right to a jury trial in open court and executed a written waiver of that right prior to the commencement of trial, and the record establishes that defendant's waiver was knowing, voluntary and intelligent (*see People v O'Diah*, 68 AD3d 787, 787-788 [2009], *lv denied* 14 NY3d 803 [2010], *reconsideration denied* 15 NY3d 776 [2010]; *People v LaConte*, 45 AD3d 699 [2007], *lv denied* 10 NY3d 767 [2008]; *People v Jackson*, 26 AD3d 781, 781-782 [2006], *lv denied* 6 NY3d 849 [2006]). Although the transcript of the waiver proceedings does not conclusively establish that defendant signed the written waiver in open court, we note that the waiver form, which was signed by defendant, defense counsel, and the trial judge, expressly states that the waiver was made in open court (*see Brown*, 81 AD3d at 500; *see also Magnano*, 158 AD2d 979). Further, the record contains an extensive colloquy concerning defendant's waiver of his right to a jury trial (*see Brown*, 81 AD3d at 500; *People v Badden*, 13

AD3d 463 [2004], *lv denied* 4 NY3d 796 [2005]; *People v Perez*, 213 AD2d 351 [1995], *lv denied* 85 NY2d 978 [1995]).

Finally, we reject defendant's contention that he was denied effective assistance of counsel by the cumulative effect of alleged errors at trial. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Smith, J.P., Fahey, Peradotto, Lindley and Sconiers, JJ.