# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**925**
**KA 08-01253**
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RABAH E. MORAN, ALSO KNOWN AS TERRY MCKEE,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R.
Schwartz, A.J.), rendered January 14, 2008. The judgment convicted
defendant, upon a nonjury verdict, of rape in the first degree and
false personation.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a nonjury verdict of, inter alia, rape in the first degree (Penal
Law § 130.35 [1]). Defendant failed to preserve for our review his
contentions that his purported waiver of the right to a jury trial is
invalid because the record does not establish that he signed the
written waiver in open court, as required by CPL 320.10 and article I,
§ 2 of the New York Constitution (*see People v Magnano*, 158 AD2d 979,
*affd* 77 NY2d 941, *cert denied* 502 US 864; *People v Brown*, 81 AD3d
499), and that he did not voluntarily waive his right to a jury trial
(*see People v Dixon*, 50 AD3d 1519, *lv denied* 10 NY3d 958; *People v
White*, 43 AD3d 1407, *lv denied* 9 NY3d 1010; *People v Jackson*, 26 AD3d
781, 781-782, *lv denied* 6 NY3d 849). In any event, those contentions
are without merit. Defendant repeatedly waived his right to a jury
trial in open court and executed a written waiver of that right prior
to the commencement of trial, and the record establishes that
defendant's waiver was knowing, voluntary and intelligent (*see People
v O'Diah*, 68 AD3d 787, 787-788, *lv denied* 14 NY3d 803, 15 NY3d 776;
*People v LaConte*, 45 AD3d 699, *lv denied* 10 NY3d 767; *People v
Jackson*, 26 AD3d 781, 781-782, *lv denied* 6 NY3d 849). Although the
transcript of the waiver proceedings does not conclusively establish
that defendant signed the written waiver in open court, we note that
the waiver form, which was signed by defendant, defense counsel, and
the trial judge, expressly states that the waiver was made in open

court (*see Brown*, 81 AD3d at 500; *see also Magnano*,158 AD2d 979). Further, the record contains an extensive colloquy concerning defendant's waiver of his right to a jury trial (*see Brown*, 81 AD3d at 500; *People v Badden*, 13 AD3d 463, *lv denied* 4 NY3d 796; *People v Perez*, 213 AD2d 351, *lv denied* 85 NY2d 978).

Finally, we reject defendant's contention that he was denied effective assistance of counsel by the cumulative effect of alleged errors at trial. Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  September 30, 2011                      Patricia L. Morgan
                                                 Clerk of the Court