# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

767

KA 12-02311

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RICHARD DALLAS, DEFENDANT-APPELLANT.

---

JAMES S. KERNAN, PUBLIC DEFENDER, LYONS (SHIRLEY A. GORMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (MELVIN BRESSLER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered July 17, 2012. The judgment convicted defendant, upon a nonjury verdict, of predatory sexual assault against a child, assault in the first degree (two counts), assault in the first degree as a sexually motivated felony (two counts) and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of assault in the first degree under counts four and six of the indictment and dismissing those counts, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, predatory sexual assault against a child (Penal Law § 130.96), two counts of assault in the first degree (§ 120.10 [3], [4]), and two counts of assault in the first degree as a sexually motivated felony (§§ 120.10 [3], [4]; 130.91), all arising from a sexual assault upon a nine-month-old infant girl. Defendant contends that his repeated statements to the police that he wished to leave the police station where he was being interrogated should be viewed as the functional equivalent of a request for an attorney, and that County Court therefore erred in refusing to suppress all of his statements thereafter made to the police. In addition, he contends that the statements were not voluntary based upon alleged deception and coercion by the police officers who questioned him, especially in light of his limited intellect. We reject those contentions.

It is well settled that the right to counsel indelibly attaches when a defendant unequivocally requests an attorney, and he or she may not be questioned further in the absence of an attorney (*see People v Esposito*, 68 NY2d 961, 962). Conversely, where a defendant's request

for an attorney is not unequivocal, the right to counsel does not attach and therefore does not affect the admissibility of the defendant's subsequent statements (*see People v Hicks*, 69 NY2d 969, 970, *rearg denied* 70 NY2d 796).  "Whether a particular request is or is not unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor [and] manner of expression[,] and the particular words found to have been used by the defendant" (*People v Glover*, 87 NY2d 838, 839).

Applying that case law to the facts before us, we reject defendant's contention that his statements that he wanted to leave the police station should be deemed a request for an attorney.  Most significantly, the police ended their questioning after defendant did in fact indicate that he wished to speak with an attorney.  Thus, his contentions on appeal that his mental limitations prevented him from specifically asking for an attorney are belied by his specific request for counsel.  Similarly, we reject defendant's contention that, taking into account his mental limitations, deception and coercion by the police were such that his statements were not a "free and unconstrained choice by [their] maker" (*Culombe v Connecticut*, 367 US 568, 602).  Inasmuch as defendant never admitted committing any sexual act with the child and eventually exercised his rights and asked for an attorney, we cannot conclude that the "interrogation . . . completely undermined[] defendant's right not to incriminate himself" (*People v Thomas*, 22 NY3d 629, 642).  We have considered defendant's remaining contentions with respect to the court's denial of his request to suppress his statements to the police, and we conclude that they are without merit.

Contrary to defendant's further contention, the People established at the suppression hearing that he voluntarily permitted the police to swab his cheek for the purpose of obtaining his DNA for testing purposes, and thus the court properly admitted the DNA test results based thereon in evidence.  "[T]he fact that the police officers did not advise the defendant . . . of [his] right to refuse consent does not, by itself, negate the consent otherwise freely given" (*People v Auxilly*, 173 AD2d 627, 628, *lv denied* 78 NY2d 1125; *see People v Osborne*, 88 AD3d 1284, 1285, *lv denied* 19 NY3d 999, *reconsideration denied* 19 NY3d 1104).

Also without merit is defendant's contention that he was denied effective assistance of counsel by several actions or omissions by his attorneys, including their failure to attend his competency evaluation and their failure to object to the introduction of certain evidence. We conclude that "defendant failed to demonstrate that defense counsel lacked a strategic or legitimate explanation for" the actions and omissions that he now contends were required (*People v Williams*, 55 AD3d 1449, 1451, *lv denied* 12 NY3d 789; *see People v Gonzalez*, 62 AD3d 1263, 1265, *lv denied* 12 NY3d 925; *see generally People v Benevento*, 91 NY2d 708, 712).  Viewing defense counsels' representation in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v*

*Baldi*, 54 NY2d 137, 147).  We likewise reject defendant's contention that the People failed to establish a proper chain of custody with respect to the items in the rape kit that were admitted in evidence. To the contrary, "[t]he police provided sufficient assurances of the identity and unchanged condition of th[at] evidence . . . , and thus any alleged gaps in the chain of custody went to [its] weight . . . , not its admissibility" (*People v Kennedy*, 78 AD3d 1477, 1478, *lv denied* 16 NY3d 798; *see People v Hawkins*, 11 NY3d 484, 494; *People v Shinebarger*, 110 AD3d 1478, 1479).

Defendant failed to preserve for our review his further contention that he did not knowingly, intelligently and voluntarily waive his right to a jury trial (*see People v Reed*, 15 AD3d 911, 911, *lv denied* 4 NY3d 890; *People v Williams*, 5 AD3d 1043, 1044, *lv denied* 2 NY3d 809).  In any event, that contention is without merit inasmuch as "[d]efendant waived his right to a jury trial in open court and in writing in accordance with the requirements of NY Constitution, art I, § 2 and CPL 320.10 (2) . . . , and the record establishes that defendant's waiver was knowing, voluntary and intelligent" (*People v Wegman*, 2 AD3d 1333, 1334, *lv denied* 2 NY3d 747; *see generally People v Smith*, 6 NY3d 827, 828, *cert denied* 548 US 905).  Defendant's contentions attributing the underlying reason for the waiver to the convenience or other purposes of his attorneys are outside the record and are properly raised by way of a motion pursuant to CPL article 440 (*see People v Magnano*, 158 AD2d 979, 979, *affd* 77 NY2d 941, *cert denied* 502 US 864).

We agree with defendant, however, that the fourth and sixth counts of the indictment, each charging him with assault in the first degree, must be reversed and dismissed pursuant to CPL 300.30 (4) as inclusory concurrent counts of counts five and seven, each charging him with assault in the first degree as a sexually motivated felony. We therefore modify the judgment accordingly.  CPL 300.30 (4) provides in pertinent part that "[c]oncurrent counts are 'inclusory' when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater."  A crime is a lesser included offense of another where "it is theoretically impossible to commit the greater crime without at the same time committing the lesser . . . [, as] determined by a comparative examination of the statutes defining the two crimes, in the abstract" (*People v Glover*, 57 NY2d 61, 64; *see People v Davis*, 14 NY3d 20, 22-23; *People v Miller*, 6 NY3d 295, 302-303).  Here, "defendant could only commit the sexually motivated felon[ies] if it was proven that he had committed the underlying [assaults] and that the [assaults were] committed for his own sexual gratification" (*People v Judware*, 75 AD3d 841, 846, *lv denied* 15 NY3d 853; *see People v Rodriguez*, 97 AD3d 246, 253, *lv denied* 19 NY3d 1028).  Thus, the underlying assault counts charging assault in the first degree should have been dismissed as inclusory concurrent counts of the counts charging assault in the first degree as a sexually motivated felony upon defendant's conviction of the latter crime (*see* CPL 300.40 [3] [b]).

Defendant further contends that the conviction of one of the two

counts of assault in the first degree as a sexually motivated felony,
i.e., the count pursuant to Penal Law §§ 130.91 and 120.10 (3), is not
supported by legally sufficient evidence that he acted under
circumstances evincing a depraved indifference to human life, or that
he was aware of and disregarded a grave risk of death to the victim.
We reject that contention.  Here, the court "heard testimony—including
medical and forensic proof—that defendant inflicted injuries on a
[nine]-month-old child by [forcibly anally sodomizing] the child so
brutally as to cause" a series of tears in the exterior of her anus
and rectum, and a two-inch tear in her sigmoid colon (*People v
Barboni*, 21 NY3d 393, 401).  In addition, after defendant told a
witness that the infant was "bleeding from the butt" shortly after the
incident and the witness advised him to obtain medical care for the
child, defendant instead placed sanitary napkins on the infant's
posterior and attempted to persuade the infant's mother that nothing
was wrong with the infant.  It is well settled that, "[i]n light of
the child's vulnerability and utter dependence on a caregiver,
defendant's post-assault failure to treat the child or report [her]
obvious injuries must be considered in assessing whether depraved
indifference was shown" (*id.* at 402).  The evidence further
established the presence of sperm in the infant's peritoneal cavity,
in her diaper and on her vagina, with DNA that was consistent with
that of defendant.  The People also presented expert medical testimony
establishing that the sperm could only have entered the infant's
peritoneal cavity through the tear in her colon, and that, to a
reasonable degree of medical certainty, the tear was caused by the
insertion of an adult male penis.  "Knowing the brutal origin of the
injuries and the force with which they were inflicted makes it much
less likely that defendant was holding out hope . . . that the child's
symptoms were merely signs of a trivial injury or illness.  Thus,
contrary to defendant's contention, it is significant that defendant
was the actor who had inflicted the injuries in the first place"
(*id.*).  We therefore conclude that, "[g]iven defendant's knowledge of
how the injuries were inflicted and his failure to seek immediate
medical attention, either directly or via consultation with his
girlfriend . . . , there was sufficient evidence for [the court] to
conclude that defendant evinced a wanton and uncaring state of mind"
(*id.*).

Furthermore, with respect to the requirement that the People
establish recklessness, i.e., that defendant was aware of and
consciously disregarded a grave risk of death to the infant (*see* Penal
Law §§ 15.05 [3]; 120.10 [3]), we conclude that, "[g]iven the level of
force required to inflict these . . . injuries and defendant's attempt
to cover up his conduct, the [court] reasonably could have concluded
that defendant was aware of an obvious risk of death to the infant"
(*People v Maddox*, 31 AD3d 970, 972, *lv denied* 7 NY3d 868), and that he
disregarded that risk.

Finally, the sentence is not unduly harsh or severe.

Entered: July 3, 2014                          Frances E. Cafarell
                                               Clerk of the Court