People v Hill (2018 NY Slip Op 06394)





People v Hill


2018 NY Slip Op 06394


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


993 KA 15-01392

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THEADRION HILL, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRITTNEY CLARK OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 14, 2015. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law
§ 120.05 [3]), and resisting arrest (§ 205.30). Defendant contends that he did not validly waive the right to a jury trial because he did not sign the waiver in open court as required by article I, § 2 of the New York Constitution and CPL 320.10 (2). Defendant's contention is not preserved for our review (see People v Magnano, 158 AD2d 979, 979 [4th Dept 1990], affd 77 NY2d 941 [1991], cert denied 502 US 864 [1991]; People v Ashkar, 130 AD3d 1568, 1569 [4th Dept 2015], lv denied 26 NY3d 142 [2016]; People v Moran, 87 AD3d 1312, 1312 [4th Dept 2011], lv denied 19 NY3d 976 [2012]), and, in any event, lacks merit. "Although the transcript of the waiver proceedings does not conclusively establish that defendant signed the written waiver in open court, we note that the waiver form, which was signed by defendant, defense counsel, and the trial judge, expressly states that the waiver was made in open court" on June 9, 2015 (Moran, 87 AD3d at 1312). Additionally, County Court expressly stated at the start of the trial that, "on the 9th of June, 2015, here in court, [defendant] waived his right to a trial by jury and executed a waiver of jury trial here in open court. He signed it, you signed it, and I signed approving the waiver." Thus, the record establishes that defendant signed the waiver in open court.
Defendant further contends that the evidence is legally insufficient to support the physical injury element of the assault in the second degree count. We reject that contention and conclude that there is legally sufficient evidence that the officer sustained a physical injury (see Penal Law § 120.05 [3]), i.e., "impairment of physical condition or substantial pain" (§ 10.00 [9]). It is well settled that " substantial pain' cannot be defined precisely, but it can be said that it is more than slight or trivial pain. Pain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). The relevant factors in assessing "whether enough pain was shown to support a finding of substantiality" (id.) include the nature of the injury, viewed objectively; the victim's subjective description of the injury and his or her pain; whether the victim sought medical treatment for the injury; and the motive of the defendant, i.e., whether he or she intended to inflict pain (see id. at 447-448; People v Haynes, 104 AD3d 1142, 1143 [4th Dept 2013], lv denied 22 NY3d 1156 [2014]). The trial evidence establishes that the injuries sustained by the officer when defendant kicked him included a bruised shin with a possible blood clot that required the officer to take several days off of work and necessitated pain medication, caused the officer to seek medical attention on the day of the incident, and remained tender and swollen when he sought further treatment at a later date. The emergency room physician that treated the officer testified that the officer sustained an injury having "uniquely severe swelling [*2]and tenderness, which [was] consistent with a very significant severe blow." Further, the evidence demonstrated that defendant kicked the officer and bit another officer in an apparent attempt to cause them enough pain to prevent the officers from completing the arrest, thereby establishing that defendant's motive was to inflict pain. Thus, viewing the evidence in the light most favorable to the People, as we must (see People v Reed, 22 NY3d 530, 534 [2014], rearg denied 23 NY3d 1009 [2014]), "a rational person could conclude that the trial evidence was legally sufficient to support [the] conviction" (People v Smith, 6 NY3d 827, 829 [2006], cert denied 548 US 905 [2006]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe.
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court