The People of the State of New York, Respondent,
against
Marcello Perrone-Maple, Appellant. 




Christopher R. Daniele, for appellant.
Westchester County District Attorney (Christine DiSalvo and Raffaelina Gianfrancesco of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Scarsdale, Westchester County (Joaquin F. Alemany, J.), rendered October 17, 2018. The judgment convicted defendant, after a nonjury trial, of criminal impersonation in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed. 
Defendant was charged in an accusatory instrument with criminal impersonation in the second degree (Penal Law § 190.25 [3]). Following a nonjury trial, defendant was convicted as charged. On appeal, defendant contends that his waiver of the right to a jury trial is invalid and that he was deprived of the effective assistance of counsel.
Defendant's contention that his waiver of the right to a jury trial is invalid on the ground that the record does not establish that he signed the written waiver in open court is not preserved for our review (see CPL 470.05 [2]; People v Hill, 164 AD3d 1651, 1651 [2018]; People v Brown, 81 AD3d 499, 500 [2011]). In any event, that contention lacks merit. Pursuant to New York Constitution article I, § 2, a jury waiver must be "a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense." Criminal Procedure Law section 320.10 (2) similarly provides, in pertinent part, that "[s]uch waiver must be in writing and must be signed by the defendant in person in open court in the presence of the court, and with the approval of the court." Here, although the transcript of the proceedings does not conclusively establish that defendant signed the written waiver in open court, the waiver form, which was signed by defendant and the Justice Court, expressly states that the waiver was executed "in open court" [*2](see People v Hill, 164 AD3d at 1651; People v Moran, 87 AD3d 1312, 1312 [2011]; People v Brown, 81 AD3d at 500), and the court expressly stated at the beginning of the trial that defendant had executed the waiver pursuant to CPL 320.10 (2) (see People v Myers, 32 NY3d 18, 21 [2018]; People v Hill, 164 AD3d at 1651). This is sufficient to establish that defendant signed the waiver in open court (see People v Myers, 32 NY3d at 21; People v Hill, 164 AD3d at 1651; People v Moran, 87 AD3d at 1312; cf. People v McDuffie, 95 AD3d 1036, 1037 [2012]; People v Davidson, 136 AD2d 66, 68-70 [1988]). Furthermore, even assuming that the waiver itself was not signed in open court, "the entire colloquy about the waiver took place in open court, thus rendering the waiver valid" (People v Badden, 13 AD3d 463, 463 [2004]; see People v Perez, 213 AD2d 351, 352 [1995]; cf. People v Davidson, 136 AD2d at 68-70). 
Defendant's further contention that his waiver is invalid on the ground that the Justice Court did not inquire as to his understanding regarding the waiver of a jury trial also is unpreserved for our review (see CPL 470.05 [2]; People v McCoy, 174 AD3d 1379, 1381 [2019]; People v Hailey, 128 AD3d 1415, 1415 [2015]; People v Pelaccio, 159 AD2d 734, 735 [1990]) and, in any event, does not warrant reversal. "Although an allocution by the trial judge eliciting defendant's full understanding of the importance of the right being waived would have been better practice, no particular catechism is required to establish the validity of a jury trial waiver" (People v Smith, 6 NY3d 827, 828 [2006]; accord People v Elshabazz, 145 AD3d 1528, 1529 [2016]; People v Dixon, 50 AD3d 1519, 1520 [2008]). Under the circumstances of this case, the waiver was not invalidated by the court's colloquy (see People v Burnett, 136 AD2d 888, 888 [1988]). Defendant signed the written waiver in open court and was represented by counsel, who specifically acknowledged, in defendant's presence, that defendant was waiving his right to a jury trial. Moreover, since nothing in the record would have alerted the court to the possibility that defendant was not fully aware of the consequences of waiving a jury trial, no inquiry into defendant's awareness of the consequences of his waiver was necessary (see People v Medina, 202 AD2d 256, 257 [1994]; People v Burnett, 136 AD2d at 888; People v Dominy, 116 AD2d 851, 852 [1986]). 
Defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109 [2011]; see People v Evans, 16 NY3d 571, 575 n 2 [2011]). It is not evident from the matter appearing on the record that defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825 [1981]; People v Brown, 45 NY2d 852, 853 [1978]). Since defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Atkins, 157 AD3d 899, 899-900 [2018]; People v Direnzo, 134 AD3d 851, 851 [2015]; People v Freeman, 93 AD3d 805, 806 [2012]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 30, 2020