People v Almonte (2025 NY Slip Op 01763)

People v Almonte

2025 NY Slip Op 01763

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, DELCONTE, AND KEANE, JJ.

922 KA 22-01350

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCO A. ALMONTE, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MARCO A. ALMONTE, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered August 16, 2022. The appeal was held by this Court by order entered May 3, 2024, decision was reserved and the matter was remitted to Ontario County Court for further proceedings (227 AD3d 1429 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of kidnapping in the second degree (Penal Law § 135.20), strangulation in the second degree (§ 121.12), assault in the third degree (§ 120.00 [1]), and criminal contempt in the first degree (§ 215.51 [b] [iii]). We previously determined, with respect to that part of defendant's omnibus motion seeking dismissal of the charge of kidnapping in the second degree pursuant to the merger doctrine, that County Court "erred in concluding that the merger doctrine did not apply because defendant was charged only with kidnapping and, therefore, there was no other crime with which the count could merge" (People v Almonte, 227 AD3d 1429, 1431 [4th Dept 2024]). We therefore held the case, reserved decision, and remitted the matter to County Court to rule on the People's unaddressed alternative argument that the merger doctrine did not apply because any alleged menacing of the victim was incidental to the kidnapping (id.). Upon remittal, the court concluded that the merger doctrine did not apply. We agree.
"[A] kidnapping is generally deemed to merge with another offense only where there is minimal asportation immediately preceding the other crime or where the restraint and underlying crime are essentially simultaneous" (People v Hanley, 20 NY3d 601, 606 [2013] [internal quotation marks omitted]). Here, the restraint of the victim continued well after the completion of the actions that defendant alleges would constitute menacing. The victim testified that, even after defendant prevented her from leaving the house by threatening her with a gun, she continued to believe that she was not free to leave because defendant remained armed and was positioned between her and the front door. The court thus properly concluded that the menacing was incidental to the kidnapping (see People v McEathron, 86 AD3d 915, 915-916 [4th Dept 2011], lv denied 19 NY3d 975 [2012]; People v Wegman, 2 AD3d 1333, 1336 [4th Dept 2003], lv denied 2 NY3d 747 [2004]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court